Commonwealth ex rel. DiVirgilio *v.* DiVirgilio, Appellant.

476

Argued November 13, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Harvey E. Schauffler, Jr.,* for appellant.

*Jack Palkovitz,* with him *David S. Palkovitz,* and *Robert Palkovitz,* for appellee.

OPINION BY ERVIN, J., December 28, 1956:

This is an appeal from a modified order of the County Court of Allegheny County requiring George A. DiVirgilio to pay $90.00 per month for the support of his wife, Mildred DiVirgilio, and their two children, George and Gary, and directing Ekin Realty, Inc., the garnishee in attachment execution proceedings, to pay arrears in the amount of $360.00 by May 11, 1956, and pay the $90.00 on the current order on the 29th of each and every month. After appeal to this Court the court below granted supersedeas only with respect to the pay-

ment of arrearages and directed that payments of the current order of $90.00 continue.

The order from which this appeal was taken was the last in a series commencing with an order entered on March 30, 1954 providing for the payment of $80.00 per month. The record reveals the defendant was frequently in default in his payments resulting in the accumulation of arrearages. In order to insure regular payments of the support order the prosecutrix initiated attachment execution proceedings on May 6, 1955 naming Ekin Realty, Inc., as garnishee. Interrogatories were filed and the garnishee answered admitting it held an account with a balance of $2,492.38 in the names of George DiVirgilio and Mildred DiVirgilio representing the proceeds of the satisfaction of a mortgage held by them which had been paid off at the offices of Ekin Realty, Inc. As a result of these proceedings the court below entered judgment in favor of the prosecutrix and against the garnishee in the sum of $100.00 which was to be paid monthly to the probation officer until further order of the court or until the funds were exhausted. This judgment was subsequently suspended. However, various orders were directed against the funds in the garnishee's possession, some directing the garnishee to pay monthly sums to the wife for her support, others requiring the garnishee to make lump sum payments to satisfy judgments for arrearages. On January 31, 1956, after ordering the garnishee to pay $215.00 on account of arrearages, the court below provided that subsequent support payments were to be made out of defendant's earnings. On February 23, 1956 the defendant filed a petition seeking a division of the balance of the proceeds held by the garnishee. An answer was filed by the prosecutrix and a hearing was held on April 25, 1956. The

order here involved was made on May 1, 1956. The record reveals that on May 9, 1956, subsequent to appeal to this Court, the court below denied defendant's petition requesting an equal division of the fund held by the garnishee.

Appellant contends the order of the court below was erroneous in providing that the monthly support payments of $90.00 should be paid each month from the fund in the garnishee's possession. Appellant argues that the fund in the garnishee's possession, owned by him and his wife as tenants by the entireties, should be divided between them equally and in support of his contention relies on the Act of June 11, 1913, P. L. 468, §1, 48 PS §133, which reads in pertinent part as follows: "Whenever hereafter an order shall be made against any husband by any court of quarter sessions, or other court of competent jurisdiction, for the comfortable support and maintenance of his wife or children, or both, . . . it shall be lawful for such court to enforce compliance with said order, or in execution of said judgment, to issue its appropriate writ of execution against any real property owned by said husband and said wife by entireties . . . or said court may, for the purpose aforesaid, issue a writ of attachment execution, attaching in the hands of any person or persons any rents, issues or profits of such estate. The proceeds of such sale, or of any attachment execution, after the satisfaction of such order or such judgment thereout, shall be divided between such husband and such wife equally." The act clearly does not apply to the fund held by the garnishee in the instant proceedings. The fund consists of monies received in satisfaction of a mortgage owned by the husband and wife as tenants by the entireties. By its express terms the act upon which appellant relies applies only to the enforce-

ment of compliance with orders or judgments for support by the issuance of writs of execution against real property owned by husband and wife as tenants by the entireties or the rents, issues or profits of such an estate. If the legislature had intended the Act of June 11, 1913, supra, to apply to property of the husband other than real property it would have so provided in explicit terms as it did in the Act of May 23, 1907, P. L. 227, as amended, 48 PS §132, which provides that a deserted wife may proceed "against any property real or personal," of her husband for her support.

The court below properly concluded the fund in possession of the garnishee was available not only for the payment of arrearages on the order of support but also for payment of the amount becoming due each month subsequent to the date of the order. In directing the attachment the court below acted under the authority contained in the Act of May 10, 1921, P. L. 434, §1; 48 PS §136, which reads in part as follows: "Whenever any court of competent jurisdiction has made an order or entered a decree or judgment against any husband requiring him to pay any sum or sums for the support of his wife or children or both, the court may issue the appropriate writ of execution against any property, real or personal, belonging to the defendant to enforce said order, decree, or judgment, and the said court may issue a writ of attachment execution, or writ in the nature of attachment execution, against any money or property to which said husband is entitled, whether under what is known as a spendthrift trust or otherwise; and the said writ of attachment execution shall become a lien and continuing levy upon any money or property to which he may be in any way entitled, whether under what is commonly known as a spendthrift trust or otherwise; . . . and,

in cases where the order, decree, or judgment requires the payment of stated sums at stated intervals, said writ of attachment execution shall remain a lien and continuing levy until the last payment due under such order, decree, or judgment has been made, with costs."

Pertinent and applicable here is the following statement of Chief Justice STERN in *Crane v. Crane*, 373 Pa. 1, 95 A. 2d 199: "The husband certainly has an interest in all property owned as tenants by the entireties, and there is no reason why that interest should not be applied to the support of the wife whom he has deserted (see Acts of June 11, 1913, P. L. 468, and May 24, 1923, P. L. 446, as to execution against real property owned by the entireties). Accordingly, after an order shall have been made by the court for plaintiff's maintenance it may be implemented by proceedings which will enable her to enforce it by liquidation of the shares of stock and the accumulated dividends thereon owned by them as tenants by the entireties so as to enable her to obtain satisfaction out of her husband's interest therein." Moreover, the order of the court below carries out the policy of the law to make all of a husband's resources available for the support of his wife and family. *Com. v. Mooney*, 172 Pa. Superior Ct. 30, 92 A. 2d 258.

Appellant also contends the order of the court below entered January 31, 1956 providing for payment of $215.00 by the garnishee on arrearages and directing future support payments be made out of earnings was res judicata, no appeal therefrom having been taken by the prosecutrix. The record indicates appellant failed to make support payments pursuant to the order of January 31, 1956. Nevertheless, it is argued that order precludes reinstatement of the attachment and requires reversal of the order from which this ap-

peal was taken. With this contention we cannot agree. When a defendant in a support proceeding is directed to pay a support order out of his earnings and fails to do so the prosecutrix is not thereafter barred from seeking reinstatement of an attachment of a fund in possession of a garnishee, owned by her and her husband as tenants by the entireties, in order to obtain the support to which she is entitled. In support of his contention the order of January 31, 1956 was res judicata appellant cites *Com. ex rel. Johnson v. Johnson,* 181 Pa. Superior Ct. 172, 124 A. 2d 423, for the principle that an order for support of a wife, unappealed from, is generally res judicata as to all defenses which might have been raised in the proceeding for support. While the holding in the *Johnson* case, supra, would preclude a defendant *husband* from raising a defense on appeal which might have been raised in the proceeding for support it has no application to the instant proceedings. Here the prosecutrix merely seeks to sustain the order of the court below directing payment of arrearages and current support out of the fund in possession of the garnishee and prevent an immediate division and distribution of the fund, apparently the only asset available from which support payments can be made with regularity. The order of January 31, 1956 was not res judicata as to the right of the prosecutrix to attach funds in the possession of the garnishee and to receive monthly support payments therefrom where, as here, the appellant has failed to make support payments "out of his earnings" as directed by the court below.

Order affirmed.