Commonwealth ex rel. Fryling, Appellant, *v.* Fryling.

Argued September 17, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Stanford Shmukler,* with him *Richard P. Abraham,* for appellant.

*John Marston,* for appellee.

OPINION BY HOFFMAN, J., November 11, 1971:

This is an appeal from an order of the Court of Common Pleas of Bucks County decreasing a support order and remitting arrearages owed by appellee-husband to appellant-wife.

Briefly stated, the procedural history is as follows: The first hearing in this dispute was held in 1967, at which time a support order of $425 per month was entered against appellee. Evidence produced at subsequent hearings indicated that appellee's employment situation had deteriorated. Although the support orders were accordingly reduced, a substantial arrearage accumulated. At a later hearing one half of the arrearages were remitted, but they again continued to rise, and upon one occasion appellee was committed to jail for contempt of court. In January, 1970, appellee advised the court that he had been dismissed from his

job. After a hearing the previous support order of $75 per week was suspended.

In March, 1970, the court was informed that appellee had obtained new employment at a lower compensation. A hearing was held at which appellee testified concerning his outstanding debts and current income. Appellee admitted that he believed he could afford to pay $30 per week for support and another $5 per week to reduce arrearages. The lower court noted that it felt appellee had contributed to the substantial arrearages by his behavior and wilful disregard of the support orders. However, the court ordered that the support order be reduced to $30 per week and remitted all the arrearages, totaling $2,117. Appellant's counsel objected on the basis that he was not prepared to argue the matter of arrearages because he did not realize they were in issue, and he felt jointly-held property sufficient to pay the arrearages should be considered. The court replied that it had considered the issue of arrearages on its own motion in the interests of justice, and that it would consider a new petition at a later time.

On appeal appellant contends, inter alia, that the lower court's remission of all arrearages was an abuse of discretion.

"It is well settled that the purpose of a support order is to secure such an allowance to the wife and child as is reasonable, having in mind the husband's property and earning capacity and the station in life of the parties." *Commonwealth ex rel. Kallen v. Kallen,* 200 Pa. Superior Ct. 507, 508-09, 190 A. 2d 175, 176 (1963). In considering whether an order should be remitted, reduced, or increased under the provisions of the support laws,[1] the court must take into considera-

---

[1] The Act of June 19, 1939, P. L. 440, §1, 17 P.S. §263, provides "Any order heretofore or hereafter made by any court of

tion all relevant factors, and deal with the order as the case may warrant. See *Commonwealth ex rel. Christos v. Christos*, 156 Pa. Superior Ct. 238, 40 A. 2d 165 (1944). However, it is also well settled that the Superior Court may modify a judgment and enter such order as it may deem proper. *Commonwealth ex rel. Crane v. Rosenberger*, 212 Pa. Superior Ct. 144, 239 A. 2d 810 (1968).

In the instant case the only reason advanced for remission of all arrearages was that appellee had changed his character and would have greater hope for the future without past payments hanging over his head. However, appellee himself indicated he was willing to pay off the arrearages over a period of time. A prior reduction had only resulted in the total rising again, with the wife and child continuing to live at a bare subsistence level. In these circumstances, and based upon a careful review of the record, it is our opinion that the complete remission of arrearages was improper.

Following the principles enunciated in *Commonwealth ex rel. Crane v. Rosenberger*, supra, the arrearages are reduced to $1,500. The case is remanded to the lower court for the entry of an order providing for the schedule of payment upon this increased amount. The order of the court decreasing the support order to $30 per week is affirmed.

WATKINS and JACOBS, JJ., dissent and would affirm the order of the court below.

---

this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant."