Theresa Marie BOYES, Appellee,

v.

Duane Gene BOYES, Appellant.

No. 59369.

Supreme Court of Iowa.

Nov. 17, 1976.

**266**

Joseph J. Bitter, Dubuque, for appellant.

Reynolds, Kenline, Breitbach, McCarthy & Clemens, Dubuque, for appellee.

Heard by MOORE, C. J., and RAWL-INGS, REES, REYNOLDSON and HARRIS, JJ.

REES, Justice.

This is an appeal by the respondent (Gene) from the economic provisions of a decree of dissolution, and the provisions having to do with the vesting of custody of two children in the petitioner-appellee (Theresa).

The parties were married in January of 1966 and the decree of dissolution was entered on March 2, 1976. At the time of trial Theresa was 37 years old and Gene was two years her junior. Theresa's first marriage was terminated June 12, 1965 by the death of her husband and she was left with four children, the issue of that marriage. During the second marriage Gene adopted the four children, and two other children were born as the issue of the marriage of the parties, namely, David, age 9 and Tommy, age 5 at time of trial.

By decree dated March 2, 1976, trial court awarded to Theresa the custody of all six of the children, set over to her the residence of the parties, the bulk of the personal property and required Gene to pay the outstanding debts and obligations of the parties, support for all six children and Theresa's attorney fees.

Appellant contends:

(1) That trial court was not correct in awarding the two youngest children of the parties to the petitioner rather than to respondent in light of the testimony and the record.

(2) That the settlement of the property rights of the parties was unfair and inequitable.

(3) The trial court erred in failing to appoint an attorney to represent the children of the parties in conformity with section 598.12, The Code, 1975.

■ I. Our review is *de novo* and before passing on the question of custody and the determination of the custody question ultimately reached by the trial court and reflected by the decree, it is our duty to examine the whole record and adjudicate anew rights on the issues properly presented. In so doing, we give weight to the findings of the trial court but will not abdicate our responsibility to review the record *de novo* on appeal, and as in all custody cases we must determine the case before us here ultimately on its own facts. See *In re Marriage of Moorhead*, 224 N.W.2d 242, 244 (Iowa 1974).

There is evidence in the record which would support the statement that the two children born as the issue of the marriage of Theresa and Gene would prefer to be placed in the custody of Gene. A family social caseworker made a recommendation which is reflected by the record that the custody of the two younger children be awarded to Gene. Further in a discussion between the trial court and David, age 9, the boy expressed a clear desire to live with Gene and stated to the court his brother, Tommy, entertained the same view. The evidence also establishes Theresa's capabilities as a parent.

The trial court observed in its conclusions of law after making a rather terse factual finding that Theresa was a fit and suitable person to have custody of all six children, and that the placement of such custody with Theresa was in the children's best interests.

■ Under our *de novo* review of the record, and considering all the relevant factors, we reach the same conclusion. The trial court was correct in fixing custody of all six children with the petitioner.

II. In the second issue stated for review by the appellant, he complains the property settlement provisions of the dissolution decree were unfair. While there is only an oblique reference to the child support provisions of the decree, both petitioner and respondent seemed disposed to treat the child support provisions of the decree in connection with this stated issue.

By the terms of the decree, trial court required the respondent to pay to the petitioner for the care, maintenance and support of the minor children the sum of $20 per week per child until such time as each child attains his 18th birthday, should marry or should otherwise become emancipated or self-supporting. This provision covered not only the two children, David and Thomas, born as the issue of the marriage of the parties, but also the other four children, Mary Beth, LuAnne, Gary and Lynne. The latter four named children had been adopted by Gene and he was legally responsible for their maintenance and support.

The child support provisions of the decree above set out would require respondent to pay to the petitioner $6,240 per year as child support for the six children. It appears in the record Theresa is receiving the sum of $638 per month, or $7,656 per year as support for the four older children from the Social Security Administration. Therefore she would receive the aggregate sum of $13,896 per year for the support of the six children.

■ We incline to the belief the trial court erred in requiring the respondent to pay the sum of $6,240 per year by way of child support in light of the fact the petitioner is receiving the Social Security benefits for the four older children.

We therefore remand this case with direction to the trial court to modify its decree to provide that Gene is required to pay to Theresa for each of the two younger children, David and Thomas, the sum of $159.75 per month, or the aggregate of $319.50 per month for the support of said children.

In the event the payments for support for the four older children from the Social Security Administration should cease or terminate, the petitioner may seek a modification of the provisions of the amended decree to secure support payments from the respondent for the four older children.

■ III. We find no merit in the contention of the appellant that the trial court

abused its discretion in refusing to appoint an attorney to represent the children of the parties in conformity with section 598.12, The Code, 1975.

■ Section 598.12, The Code, provides: "The court may appoint an attorney to represent the interests of the minor child or children of the parties." We have not been required to address this question heretofore. It is obvious to us, however, that the provisions of section 598.12 of the Code are directory only and not mandatory and that the trial court acted within the latitude of permissible discretion in refusing to appoint an attorney to represent the children. We therefore find no merit in this issue stated for review by the appellant.

■ The appendix in this case consists of 324 pages. The entire transcript of testimony, 309 pages plus about 40 pages of reproduced exhibits, is embraced in the appendix. Most of the transcribed testimony is unnecessary and irrelevant to the issues stated. The cost certificates of appellant's attorney and the printer indicate the cost of printing the appendix is $821.94. This glaring violation of rule 344.1, Rules of Civil Procedure, is more striking when we observe the appellant's brief and argument consists of only 18 pages, including a caption sheet, index and table of authorities, and appellee's brief and argument consists of 10 pages including a caption page, one page showing proof of service and two pages of index and table of authorities. Certainly the parties must share the responsibility for the wasteful expenditure of monies in printer's fees for the preparation of the appendix.

We conclude the decree of the trial court must be modified as set out in division II hereinabove and remand this case for the entry of proper orders by the trial court modifying the decree with regard to the payment of support money for the minor children. This case is otherwise affirmed.

Costs are taxed two-thirds to respondent-appellant and one-third to petitioner-appellee.

MODIFIED; AND AS MODIFIED, AFFIRMED, AND REMANDED FOR ENTRY OF DECREE IN CONFORMITY HEREWITH.

MOORE, C. J., and RAWLINGS, REES and REYNOLDSON, JJ., concur.

HARRIS, J., concurs in result.