419 A.2d 90

## Joan P. DUGERY

v.

## Edward A. DUGERY, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed March 7, 1980.

52

A. Victor Meitner, Jr., Glenside, for appellant.

Vincent A. Couchara, Norristown, for appellee.

Before CERCONE, President Judge, and WATKINS and LIPEZ, JJ.

LIPEZ, Judge:

This is an appeal by the petitioner father from the refusal of the court below to remit arrearages on a support order for his children for the period that the petitioner was confined involuntarily in a mental hospital and thereafter in a correctional institution. The Court below suspended the support order following the filing of the petition into the future during incarceration but refused to remit the arrearages.

There is no dispute as to the fact of his incarceration which took place some years after the original order; nor the fact that during this period he had no income from any source whatsoever. His only asset was a certain dwelling from which he received no rentals. When petitioner sought to introduce testimony of its value, the court refused to allow it, holding that it was irrelevant on the ground that it

was an asset against which arrearages could be collected when reduced to judgment.

It is the court's power and duty to look beyond the actual earnings of the parties and consider the value and extent of their property and other financial resources. *Shuster v. Shuster*, 226 Pa.Super. 542, 323 A.2d 760 (1974). The amount of an order for support must be fair and not confiscatory, since its purpose is the welfare of the children and not the punishment of the parent. It is intended to provide such allowance for support as is reasonable considering the property, income and earning capacity of the father and the condition and station in life of the family. *See Commonwealth ex rel. Warner v. Warner,* 194 Pa.Super. 496, 168 A.2d 755 (1961). To reduce or modify an existing order there must be a change of circumstances and the burden is on the one who asserts the change to prove it by competent and sufficient evidence. Our duty on review is to determine whether the evidence supports the hearing judge's order and whether there has been an abuse of discretion. *Commonwealth ex rel. Fishman v. Fishman*, 213 Pa.Super. 342, 247 A.2d 810 (1968).

It is clear that there was a change of circumstances. Hence we have difficulty understanding the lower court's reasoning in abating or suspending support into the future during the incarceration but refusing to abate the arrearages for precisely the same reason. The court justifies its refusal on the ground that the dwelling was an asset "available for the meeting of petitioner's support obligations." And yet when the petitioner sought to show the value of the dwelling, the court below refused to allow it.

It is of course true that "[it is] the policy of the law to make all of a husband's resources available for the support of his wife and family." *Commonwealth ex rel. Di Virgilio v. Di Virgilio*, 182 Pa.Super. 475, 480, 127 A.2d 774, 776–77 (1956). We have no way of knowing whether the dwelling is, in fact, an "available" asset or resource from which arrearages could· properly and fairly be collected. We

know only that there was no income from it. Whether it is a substantial property or not, its potentialities for realizing income therefrom; its condition, the encumbrances against it, if any—in short, whether there is any reasonable likelihood that it may become income—producing—has in no wise been explored. Conceivably, allowing the eventual judicial liquidation under the circumstances could prove to be unfair and confiscatory, a result which under our decisions would be improper. *Straub v. Tyakhla*, 274 Pa.Super. 411, 418 A.2d 472 (1980); *Commonwealth ex rel. Warner v. Warner, supra.*

This court, in a similar situation, in *Commonwealth v. Soudani*, 193 Pa.Super. 352, 166 A.2d 72 (1960), affirmed per curiam the lower court's opinion and order[1] in discharging accumulated arrearages in excess of the rental income obtained from a dwelling house owned by the petitioner father therein who was incarcerated in the penitentiary. The lower court's opinion further stated that "any sums over and above that in arrears will necessarily be rescinded unless it appears defendant has other assets undisclosed." 22 Pa.D. & C.2d at 315. Here it is evident there are no other assets undisclosed."

Reversed and remanded for further proceedings consistent with this opinion.[2]

1. 22 Pa.D. & C.2d 314, (1960), Q. S. Clearfield Co., Pentz, P. J.

2. Courts entering support orders continue to have the power to remit arrearages. Formerly it was exercised under the Act of June 19, 1939, P.L. 440, No. 250, § 1, 17 P.S. § 263. That act was repealed (see Judiciary Act Repealer Act, 1978, April 28, P.L. 202 No. 53 effective June 27, 1978 [1217]. The power to do so now is under the general grant in 42 Pa.C.S. § 323. "Powers":

   "Every court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of its jurisdiction and for the enforcement of any order which it may make and all legal and equitable powers required for or incidental to the exercise of its jurisdiction, and, except as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require."

   *See* 1979 Pamphlet, Judicial Code, Table 1—Disposition at LVIII; Table 2—Derivation at XCV.