423 A.2d 1063

COMMONWEALTH of Pennsylvania ex rel. Judith JESKE,

v.

Richard JESKE.

Appeal of Judith JESKE.

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed Jan. 5, 1981.

Sandra D. Boyle, Scranton, for appellant.

Joseph Solfanelli, Scranton, for Commonwealth, appellee.

Before BROSKY, HOFFMAN and CIRILLO, JJ.*

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

PER CURIAM:

In October, 1977, the lower court entered an order directing appellee-father to pay $130.00 per week for the support of the parties' three children. In July, 1979, appellant-mother filed a petition to increase the amount of the support order. Following a hearing on October 18, 1979, the lower court modified its previous order by increasing the amount of support to $140.00 per week. On this appeal, the mother contends that the lower court abused its discretion in increasing the amount of support by only $10.00 per week. For the reasons which follow, we vacate the lower court's order and remand for further proceedings.

Although a support order may be modified if the parties' financial circumstances change, the party seeking modification has the burden of establishing a material and substantial change in circumstances. *Brake v. Brake*, 271 Pa.Super. 314, 413 A.2d 422 (1979); *Commonwealth ex rel. ReDavid v. ReDavid*, 251 Pa.Super. 103, 380 A.2d 398 (1977); *Bell v. Bell*, 228 Pa.Super. 280, 323 A.2d 267 (1974). In reviewing a modified support order, our appellate courts will not interfere with the hearing judge's decision absent a clear abuse of discretion. *Commonwealth ex rel. Mainzer v. Audi*, 266 Pa.Super. 122, 403 A.2d 124 (1979); *Commonwealth ex rel. ReDavid v. ReDavid, supra; Commonwealth ex rel. Lyle v. Lyle*, 248 Pa.Super. 458, 375 A.2d 187 (1977).

The mother argues that the lower court's modification of its order was based on an erroneous calculation of the increase in the father's salary. In its opinion, the lower court stated that it had based its decision to increase the amount of support by only $10.00 per week primarily on the fact that since the entry of the original support order, the father's gross annual income had increased from $32,000.00 to $35,000.00. The record reveals, however, that the father's income increased from $35,000.00 to $44,000.00 per year. Consequently, we will vacate the lower court's order and remand the case. On remand, the lower court shall hold a full hearing on the parties' present financial circumstances, after which it shall enter an appropriate order.

Order vacated and case remanded for proceedings consistent with this opinion. Either party aggrieved by the lower court's ultimate order may take a new appeal to this Court.