457 A.2d 1297

**COMMONWEALTH of Pennsylvania**

v.

**David R. VOGELSONG, Appellant.**

Superior Court of Pennsylvania.

Argued May 24, 1982.

Filed March 11, 1983.

Michael R. Rundle, Carlisle, for appellant.

Carl A. Ammerman, Mechanicsburg, for participating party.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

David R. Vogelsong has become totally disabled since he was ordered to pay $150 per week for the support of a wife and child. He appeals from the trial court's order refusing,

nevertheless, to modify the support order and remit arrearages. We reverse.

The initial order of support was entered following a hearing on April 29, 1975, at a time when appellant owned, managed and was actively engaged in a water conditioning business in Cumberland County. On June 17, 1975, appellant was declared permanently and totally disabled by the Social Security Administration because of arteriosclerotic coronary disease and diabetes mellitus. Both conditions have become more acute as time has passed, and appellant has not been gainfully employed since June, 1975. On August 5, 1975, appellant responded to a contempt petition which prompted the court, after hearing, to make the following disposition:

We were going to end the Order because of his disability but the prosecution has made a note of the feasible assets, that aren't feasible to the Court. I'm going to let the arrearages accrue and we can enter judgment on the arrearages any time and proceed against any assets we can find. Go ahead and issue execution, but, with his health, I can't enforce an Order. I can't put him in jail and he has no income as far as I can see. So, I'm going to continue the hearing and allow the arrearages to accrue.[1]

On January 3, 1980, the appellee, Jane Vogelsong, caused judgment to be entered against appellant for arrearages in the amount of $34,200. The judgment was procedurally defective, however, and was subsequently stricken. Appellant then petitioned the court to modify the order, both prospectively and retroactively, and to remit all arrearages in excess of social security payments which had been paid directly to the appellee. A hearing was held, and the court entered an order as follows:

AND NOW, this 15th day of October, 1981, for the reasons appearing in the opinion filed this date, the petitioner's motion to remit arrears is hereby sustained in

1. An appeal from this order was filed by Vogelsong, but it was dismissed on April 15, 1976 for failure to pursue it.

part in that the amount of $15,585.80 shall be credited against support arrears through December, 1979; it is further ordered that the amount of social security payments received by respondent and her daughter be credited against support arrears accruing since January, 1980 and against future accruing arrears. In all other respects, the petitioner's motion to remit support arrearages is refused and dismissed.

It is from this order that the present appeal was filed.

 A support order is not final and may be increased or decreased where the financial circumstances of the parties change. *Costello v. LeNoir,* 462 Pa. 36, 42 n. 8, 337 A.2d 866, 869 n. 8 (1975); *Dunbar v. Dunbar,* 291 Pa.Super. 224, 228, 435 A.2d 879, 881 (1981); *Commonwealth ex rel. Jeske v. Jeske,* 283 Pa.Super. 209, 211, 423 A.2d 1063, 1063–1064 (1981); *Commonwealth ex rel. Kaplan v. Kaplan,* 219 Pa.Super. 163, 165, 280 A.2d 456, 457 (1971). In proceedings to modify a support order, it is the petitioner who has the burden of proving that there has been a material change in circumstances sufficient to warrant modification of the existing order. *Shank v. Shank,* 298 Pa.Super. 459, 462, 444 A.2d 1274, 1276 (1982); *Commonwealth ex rel. Stone v. Stone,* 293 Pa.Super. 427, 429, 439 A.2d 185, 186 (1981); *Commonwealth ex rel. Kistler v. Kistler,* 291 Pa.Super. 51, 55, 435 A.2d 214, 216 (1981); *Berry v. Berry,* 278 Pa.Super. 30, 33, 419 A.2d 1340, 1341 (1980); *Dugery v. Dugery,* 276 Pa.Super. 51, 54, 419 A.2d 90, 91 (1980).

 On appeal from an order of support, our scope of review is narrow. An order of the hearing court will not be reversed unless the evidence was insufficient to sustain the order or there has been an abuse of discretion. *Shank v. Shank, supra,* 298 Pa.Super. at 462, 444 A.2d at 1276; *Commonwealth ex rel. Kunkin v. Bruck,* 297 Pa.Super. 410, 415, 443 A.2d 1187, 1190 (1982); *Turner v. Matthews,* 297 Pa.Super. 10, 11–12, 442 A.2d 1187, 1188 (1982); *Commonwealth ex rel. Stone v. Stone, supra,* 293 Pa.Super. at 429, 439 A.2d at 186–187; *Dunbar v. Dunbar, supra* 291

Pa.Super. at 228, 435 A.2d at 881; *Berry v. Berry, supra* 278 Pa.Super. at 33, 419 A.2d at 1341.

It is also well settled that a court has broad discretionary power to remit accrued support arrearages. See: 42 Pa.C.S. § 6710. See also: *Commonwealth ex rel. McVay v. McVay,* 383 Pa. 70, 118 A.2d 144 (1955), *cert. denied,* 350 U.S. 995, 76 S.Ct. 544, 100 L.Ed. 860 (1956); *Prescott v. Prescott,* 284 Pa.Super. 430, 426 A.2d 123 (1981); *Commonwealth ex rel. Belin v. Belin,* 268 Pa.Super. 428, 408 A.2d 862 (1979); *Commonwealth ex rel. Fryling v. Fryling,* 220 Pa.Super. 68, 283 A.2d 726 (1971). However, in doing so the court must take into consideration all relevant factors. *Prescott v. Prescott, supra* 284 Pa.Super. at 431, 426 A.2d at 124; *Commonwealth ex rel. Fryling v. Fryling, supra* 220 Pa.Super. at 70–71, 283 A.2d at 727.

Appellant's circumstances have been altered dramatically since the order of support was initially entered on April 29, 1975. Appellant and his wife were then the owners of two residential properties, two automobiles and a water conditioning business. All this has changed. Medical evidence showed that appellant is now totally and permanently disabled by heart disease and diabetes. He will not benefit from further surgery. The residence in Cumberland County was sold in September, 1975, for approximately $30,000, with the proceeds being divided equally between husband and wife. A residential property in the City of Harrisburg was then the subject of a long term agreement of sale. The buyers subsequently defaulted, and the property is now occupied by appellant and the daughter of the buyers, who takes care of him. One vehicle was lost by foreclosure, and the furniture owned by the parties was sold. The water conditioning business has been lost, and appellant's only income is $476.10 per month which he receives as a total disability payment from the Social Security Administration.[2] When these moneys are inadequate to pay household expenses, the deficiency is made up from the earnings of the

---

**2.** It appears that this monthly amount has increased since the hearing below, but the record does not disclose the increased amount.

woman who shares appellant's quarters and takes care of him. She does not otherwise pay rent. Appellant, although not housebound, is unable to engage in prolonged physical activity. He has not been gainfully employed since the court found him unable to pay the support order on August 5, 1975. He is presently sixty-one years of age.

Appellee and the daughter of the parties have been receiving social security payments on a monthly basis, commencing six months after appellant was declared totally disabled. At the time of the hearing on appellant's petition to modify, each was receiving $205.40 per month.[3] Appellee has engaged in part time employment to supplement her income.

■ These circumstances, which are not disputed, demonstrate that appellant is entitled to relief from the existing support order and that the trial court abused its discretion when it refused to modify the order and remit arrearages. An order of support must be fair and not confiscatory and must allow for the reasonable living expenses of the payor. *Costello v. LeNoir, supra,* 462 Pa. at 40, 337 A.2d at 868; *Dunbar v. Dunbar, supra,* 291 Pa.Super. at 230, 435 A.2d at 882; *Ford v. Fitzgerald,* 282 Pa.Super. 25, 26, 422 A.2d 657, 658 (1980). The unmodified order of $150 per week in this case was greater than the social security income which appellant was receiving. He had no other income from which the difference could be paid. Even if he sells the Harrisburg home in which he resides and the vehicle which he drives, his only remaining assets, the respite gained can be temporary only. The continuing order, therefore, is clearly confiscatory.

The trial court apparently based its decision upon the fact that appellant had sold assets in 1975 and had failed to account specifically for the proceeds. However, the evidence was that at the present time there remains only a small balance in appellant's bank account.[4] The court also

3. This amount has also been increased since the hearing.

4. The precise amount of the balance does not appear.

posited that the jointly owned home in Harrisburg was available for payment of the existing support order. This property was and is owned jointly by appellant and appellee as tenants by the entireties. The evidence does not disclose its value or the unpaid balance of an encumbering mortgage. It does disclose that the property is non-income producing at the present time and that monthly mortgage payments, taxes and costs of repair are being paid by appellant. The evidence discloses that the vehicle owned by appellant, a 1976 Cadillac, is also encumbered.

In several cases we have held that a court should not enter a support order against a parent whose only income is from public assistance where the other parent and a child are also receiving public assistance. The obvious result of such an order, we have said, would be to reduce the amount the first parent required for his or her basic needs while increasing the amount the Pennsylvania Department of Public Welfare determined necessary for the basic needs of the other parent and child and thereby redistribute their respective awards. See: *Ford v. Fitzgerald, supra; Commonwealth ex rel. Valentine v. Valentine*, 266 Pa.Super. 506, 405 A.2d 933 (1979). Accord: *Costello v. LeNoir, supra.*

■ Social security payments for disability are intended to replace income lost because of disability. *Binns v. Maddox*, 57 Ala.App. 230, 232, 327 So.2d 726, 728 (1976); *Perteet v. Sumner*, 246 Ga. 182, 183, 269 S.E.2d 453, 454 (1980); *Horton v. Horton*, 219 Ga. 177, 178–79, 132 S.E.2d 200, 201 (1963); *Potts v. Potts*, 240 N.W.2d 680, 681 (Iowa 1976); *Schulze v. Jensen*, 191 Neb. 253, 257, 214 N.W.2d 591, 594 (1974). See also: *Lopez v. Lopez*, 125 Ariz. 309, 609 P.2d 579 (1980); *Cash v. Cash*, 234 Ark. 603, 353 S.W.2d 348 (1962); *Boyes v. Boyes*, 247 N.W.2d 265, 267 (Iowa 1976); *Andler v. Andler*, 217 Kan. 538, 539, 538 P.2d 649 (1975); *Cohen v. Murphy*, 368 Mass. 144, 330 N.E.2d 473 (1975). They are a substitute for that income and are made in accordance with the basic needs of recipients. The court's order of support against appellant, if permitted to

continue, will not only redistribute those awards but, in fact, confiscate appellant's award and give it to appellee and the child. After appellant's award has been confiscated, he will still be required to pay upwards of $150 per month. Such an order is clearly unreasonable.

Appellee suggests, however, that a court must look to and consider appellant's assets, for it is the policy of the law to make all of a husband's resources available for the support of his family. See: *Dugery v. Dugery, supra* 276 Pa.Super. at 54, 419 A.2d at 91, citing *Commonwealth ex rel. DiVirgilio v. DiVirgilio,* 182 Pa.Super. 475, 480, 127 A.2d 774, 776–777 (1956). Although this is certainly a correct statement of policy, it does not appear instantly that appellant's assets justify an order substantially in excess of the social security payments received by appellee and the child. Appellant's assets consist of a motor vehicle and entireties real estate in Harrisburg which is encumbered, occupied by appellant and non-income producing. To require that it be encumbered further or liquidated for arrearages, in the absence of evidence that such is feasible, appears unreasonable, if not confiscatory.

Appellee also argues that appellant failed to show a change in circumstances following August 5, 1975, when the court declined to vacate the support order of April 29, 1975. However, the only issue before the court on August 5, 1975, was whether appellant should be held in contempt for failing to pay the order of April 29, 1975. There was then before the court no petition to modify the support order, and there is now no record to show that such a request was either made or pursued at the hearing of August 5, 1975.[5] Nevertheless, the contempt hearing court even then found that appellant had become disabled and observed that it found no assets from which the order could be paid. For this reason, the court refused to find appellant in contempt of court. Because of unsupported allegations

5. The only record of the proceedings of August 5, 1975 is the court's order quoted earlier in this opinion.

of unidentified assets, however, the court continued the hearing without vacating the order.

Five years later, appellee was still unable to identify assets from which the support order could be paid. Appellant, on the other hand, demonstrated by competent, uncontradicted evidence that he had become totally disabled. He also showed that he owned no income producing property from which the order could be paid. Under these circumstances he was entitled to substantial, if not total, relief from the onerous burden of the confiscatory order.

Appellee also objected in the hearing court to granting appellant a credit for moneys paid directly to appellee and the parties' child by the Social Security Administration. Nevertheless, the hearing court allowed a credit for such payments in the amount of $15,585.80. This was entirely proper. After this credit had been deducted, the arrearages accruing under the initial support order remained, nevertheless, in the vicinity of $20,000. Whether appellant can pay this amount, or any part thereof, must necessarily depend on the amount of his equity in the entireties real estate located in the City of Harrisburg. This is the only asset available. Because the record does not disclose the value of the real estate or the amount of the encumbrance thereon, we are unable to ascertain to what extent appellant can reasonably be expected to pay the remaining arrearages. Upon remand, the hearing court should require evidence of the value of appellant's interest in this real estate. Then the court can determine to what extent appellant is entitled to a remission of arrearages. In making this determination, the exercise of a careful discretion is required. To the extent that the support order has had a confiscatory effect, it cannot now be enforced and arrearages should be remitted.

The order of the hearing court is reversed and set aside, and the case is remanded for proceedings and the entry of

an order which are consistent with this opinion. Jurisdiction is not retained.

BECK, J., concurs in the result.