## Howard v. Howard

260

*Kurt A. Gardner,* for plaintiff.
*Paul K. Allison,* for defendant.

HUMMER, *J.,* January 3, 1989 — Plaintiff, Sylvia Howard, and defendant, Chester Howard, were married on February 28, 1948 in Kings County, New York. They separated in December 1960. In March 1963, plaintiff obtained, from a New York court, an order which separated her from the bed and board of defendant. In addition, this order provided that defendant was to pay $75 per week as and for the support of plaintiff and the parties' two children: Ellen Mary Howard, age 13, and Rand Kenneth Howard, then age 12. Furthermore, the March order allocated the $75 per week payment as follows: $25 per week for the plaintiff's support and $25 per week for the support of each child. However, in August 1963, the New York court amended the March order so that defendant was *still* ordered to pay $75 per week for the support of his wife and two children, but the $75 was now unallocated.

Defendant faithfully complied with the New York court order until sometime in 1987[1] even though the children had both reached the age of 21 sometime in the early 1970's.[2] In May 1987, defendant moved to Lancaster, Pennsylvania while the plaintiff continued to reside in New York.

Thereafter, in November 1987, defendant filed an action for divorce in the Court of Common Pleas of Lancaster County. In response, plaintiff filed an answer raising the issues of alimony and alimony pendente lite. In addition, plaintiff filed an action for support with Domestic Relations. Accordingly, a support conference was held on June 14, 1988. At the conclusion of this conference, the hearing officer recommended that plaintiff's support complaint be dismissed. Plaintiff filed an appeal to the recommended order and a hearing was held on this appeal on September 23, 1988 before the court. The court confirmed and ratified the recommended order.

Subsequently, plaintiff registered the New York support order in Lancaster County in accordance with the Revised Uniform Reciprocal Enforcement of Support Act of 1968. 23 Pa.C.S. §§4501-4540. Defendant then filed a petition to vacate the registered support order also in accordance with RURESA. 23 Pa.C.S. §§4540(b). It is this petition which is currently before the court.

Both parties are in poor health and unemployed. Plaintiff is 74 years of age and her income consists solely of a $371-per-month social security payment of which $158.40 is based on defendant's work

---

1. Plaintiff claims the payments ceased in March 1987 while defendant claims he did not stop payments until May 1987.

2. Currently the children are 37 and 39 years of age.

record. Likewise, defendant is 72 years of age and his income consists solely of an $823-per-month social security payment. Plaintiff claims that since defendant discontinued support payments in 1987, arrearages accrued under the New York support order. It is this arrearage that plaintiff is attempting to collect through registration of the order.[3] Defendant, on the other hand, would like the court to remit the accrued arrearages by granting his petition to vacate registration of the support order.

## DISCUSSION

As previously stated, plaintiff has registered the New York court order in accordance with RURESA. Under the heading "Choice of Law," RURESA provides the following:

"Duties of support applicable under this chapter are those imposed under the laws of any state where the obligor was present for the period during which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown." 23 Pa.C.S. §4507.

Defendant stopped making support payments at or around the time he moved to Pennsylvania and the arrearages that plaintiff would like to enforce

---

3. Both parties agree that plaintiff cannot or at least will not prospectively enforce the New York court order. Defendant claims that the Pennsylvania court's refusal to find plaintiff entitled to support is res judicata as to the issue of prospectively enforcing the New York court order. Defendant cites as support for this proposition *Bell v. Bell,* 228 Pa. Super. 280, 323 A.2d 267 (1974). *Bell* held that a support order is res judicata as to all facts existing prior to or at the time of the order. Plaintiff agrees with this reasoning and in her supporting brief states that she "is not seeking to prospectively enforce the order" and "is seeking to enforce only the arrearage."

began to accrue at that time. Therefore, defendant has been· present in Pennsylvania for the period during which support is sought. Thus, the court should and will apply Pennsylvania law.

Plaintiff argues that Pennsylvania law does not allow retroactive modification of a support obligation unless a petition to modify was filed by the obligor. To a certain extent the plaintiff is correct. The relevant portion of Pennsylvania support law provides the following:

"No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such ·petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor." 23 Pa.C.S. §4352(d).

Thus, at first glance it appears as. though the court cannot retroactively remit a support arrearage unless a petition for modification has been filed. However, section 4352(d) goes on to say:

"[M]odification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition. In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made." *Id.*

Therefore, under Pennsylvania support law a court may retroactively remit a support arrearage under a variety of circumstances.

Plaintiff claims that she is owed arrearages in the amount of $7,350. She has derived this figure by multiplying 98 (the number of weeks she claims defendant has not paid support) by $75 (the amount of weekly support ordered by the New York court). However, defendant argues, and the court agrees, that he should not be held liable for that portion of the New York support order attributable to child support since the parties' children reached the age of emancipation long before he stopped paying the support obligation. Defendant's argument is supported by both statute and case law. See *Jackman v. Pelusi,* 379 Pa. Super. 361, 366, 550 A.2d 199, 206 (1988), which held that a hearing officer had correctly reduced the certified amount of arrearages because the children were not owed support beyond their 18th birthday, and 23 Pa.C.S. §4352(d), *supra* which states that arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made.

Of course, before the court can remit that portion of the support arrearage attributable to child support, it must first determine just what that portion is. The final judgment rendered by the New York court in this case and dated August 20, 1963, ordered the defendant to pay $75 per week for the support of his wife and two children. It did not specifically state what portion was for plaintiff's support and what portion was for the children's support. However, as previously stated, the August 23, 1963 judgment amended an earlier judgment rendered by the New York court on March 15, 1963. The March 15 judgment did allocate the support order. It provided $25 per week for the support of the plaintiff and $25 per week for each of the two children. Thus, the court finds that the portion of the New York support order attributable to child

support to be $50 per week. Accordingly, of the $7,350 arrearage balance, $4,900 of it is attributable to child support and as such the court will not hold the defendant liable for that amount.

Conversely, the portion of the arrearage attributable to spousal support is $2,450. However, defendant argues, and once again the court agrees, that he is entitled to credit toward the arrearage for that portion of the plaintiff's Social Security payments based on his work record. Indeed, the Superior Court has held that credit should be applied to arrearages which accrued after the receipt of Social Security benefits.[4] *Children and Youth Services v. Chorgo,* 341 Pa. Super. 512, 525, 491 A.2d 1374, 1381 (1985). Neither party disputes the fact that the present arrearages accrued long after plaintiff began receiving Social Security benefits, a part of which were based on defendant's work record.

Therefore, the court finds that defendant should be given credit toward the remaining arrearage in the amount of Social Security payments paid to the plaintiff based on the defendant's work record. While the arrearage in question was accruing, the plaintiff was receiving $158.40 per month or $36.80 per week[5] in Social Security benefits based solely on the defendant's work record. Accordingly, the defendant is entitled to a credit toward the arrearage in that amount. After deducting from the arrearage

---

4. Although *Chorgo* dealt with child support arrearages the court feels its holding applied equally well to spousal support arrearages. The court finds support for this proposition in *Commonwealth v. Vogelsong,* 311 Pa. Super. 507, 516, 457 A.2d. 1297, 1302 (1983) which held that the lower court had properly granted the appellant credit on spousal and child support for monies paid directly to appellee and the parties' child by the Social Security Administration.

5. The court derived this weekly figure by dividing $158.40 by 4.3.

the amount attributable to child support ($4,900) and the amount received by plaintiff in the form of Social Security payments based on defendant's record ($3,606.40), the entire arrearage is eliminated.

Accordingly, the court makes the following

## ORDER

And now, January 3, 1990, upon consideration of defendant's petition to vacate the registered support order and plaintiff's answer thereto, as well as the parties' supporting briefs, the court hereby grants defendant's petition to vacate the registered support order and orders that any arrearages accrued under the support order be remitted in their entirety.