J-A23030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| A.L.M. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | Appellant | |
| | v. | |
| S.T.M. | | |
| | Appellee | No. 1536 WDA 2014 |

Appeal from the Order August 20, 2014
In the Court of Common Pleas of Lawrence County
Domestic Relations at No(s): 631 of 2012, D.R.

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:　　　　　　　**FILED OCTOBER 20, 2015**

A.L.M. (Mother) appeals from the trial court's order, effective January 17, 2014, calculating Appellee, S.T.M.'s (Father), net monthly income as $4,090.00 and ordering him to pay $965.10/month in child support, plus $25.00/month in arrearages. After careful review, we affirm.

Mother and Father were divorced on November 1, 2013; they are the parents of three minor children who are the subject of the instant support action. Mother was previously employed as a secretary for a local paint business, earning $9.00/hour and working 32 hours/week. She was terminated from her position in 2013. Prior to working for the paint company, Mother worked as a bus driver for Father's family business, M Farms. At the time of the support hearing, Mother had just enrolled as a full-time student at Westminster College.

Father is employed as a full-time eighth grade science teacher, with an annual salary of $67,988.00. Father also earns a yearly income of $6,000[1] from M Farms,[2] in which he holds a 50% partnership interest[3] and 88% capital interest.

On July 11, 2014, the court held a *de novo* support hearing in which the court carefully considered Father's earnings from M Farms for purposes of calculating his income for support. Ultimately, the court assessed net monthly earnings for Mother in the amount of $1,379.86 and for Father in the amount of $4,090.00. The court also determined that Father was entitled to a downward deviation of support for shared time with the children. Finally, as stated above, the court ordered Father pay $965.10 per month in support as well as $25.00 in arrearages per month, for a total monthly payment of $990.10. Mother filed a timely notice of appeal from the court's support order, as well as a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Mother presents the following issues for our consideration:

> (1) Did the trial court abuse its discretion by excluding income derived from the Father's eighty-eight (88%) percent

_____

[1] Father testified that he places the farm income into college accounts for the children. N.T. Support Hearing, 7/11/14, at 41.

[2] According to Father's testimony at the support hearing, M Farms operated as a dairy farm until 2012. Currently it harvests crops and has a small beef operation. N.T. Support Hearing, 7/11/14, at 28.

[3] Father's father is a 12% partner in M Farms.

interest in a partnership when it calculated his income for support purposes?

(2) Did the trial court abuse its discretion by failing to award full payment of support arrearages in the amount of $10,000, despite evidence produced by Mother's that shows Father has substantial monetary assets and the present ability [to] pay the total support arrearages?

The amount of a child support order is largely within the discretion of the trial court, whose judgment should not be disturbed on appeal absent a clear abuse of discretion. *Isralsky v. Isralsky*, 824 A.2d 1178, 1187 (Pa. Super. 2003) (citation omitted). An abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment. *Id.* A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground. *Id.*

Mother claims that in calculating Father's support obligation, the court should have included income Father derives as an 88% partner in M Farms, a privately held company. Mother claims that the partnership in the farm provides Father with income, housing, utilities, food, and gas for his personal vehicle.

We note that:

[t]he starting point for calculation of a parent's child support obligation is a determination of each party's income available for support. "The assessment of the full measure of a parent's income for the purposes of child support requires 'courts to determine ability to pay from all financial resources.'" (citations omitted). Thus, "when determining income available for child support, the court must consider all forms of income." (citations omitted).

- 3 -

*Mencer v. Ruch*, 928 A.2d 294, 297 (Pa. Super. 2007). *See* 23 Pa.C.S. § 4302 (defining income for support matters). Moreover, the award of support "is intended to provide such allowance for support as is reasonable, considering the property, income and earning capacity of the [payor] and the condition and station in life of the family." *Dunbar v. Dunbar*, 435 A.2d 879, 882 (Pa. Super. 1981).

Father provided the trial court documentation of the breakdown of his net monthly income, which included a 2012 partnership tax return for M Farms, a 2013 quarter-balance sheet for M Farms, Father's current W-2 and Father's 2013 income tax return (indicating that Father receives gross income from his position as a school science teacher in the amount of $67,988.00), and a partnership summary from M Farms (indicating that Father makes yearly income (including interest payments and dividends) of $5,270.00). The court determined that, with regard to benefits that Father receives from M Farms, there was "inconclusive evidence presented to establish those benefits equated to actual income as defined by the Domestic [Relations] Code." Trial Court Opinion, 10/17/14, at 6. We see no reason to disturb the trial court's factual findings which are based on documentary evidence of Father's income as well as supportive testimony from the parties. Accordingly, we affirm the trial court's calculation of Father's income for child support purposes. *Isralsky*, *supra*.

Mother next contends that the court abused its discretion by ordering Father to pay arrearages solely according to a formula used by the Domestic

Relations Section, rather than taking into account other factors, including Father's ability to pay. Specifically, she claims that Father was capable of paying the full $10,000 in arrearages at one time, as opposed to the court ordered $25.00 per month.

In **Kessler v. Helmick**, 672 A.2d 1380 (Pa. Super. 1996), the appellant advanced the same argument posited by Mother. In finding no merit to the claim, our Court recognized that "[a] trial court has broad discretionary power to remit accrued support arrearages. **Commonwealth v. Vogelsong**, 457 A.2d 1297 (Pa. Super. 1983)," **Kessler**, at 1354, and that it was "within the trial court's discretion [to set] the method of payment of arrearages." **Id.** at 1385.

Instantly, Mother fails to advance any legal support for her argument that the court abused its discretion when it ordered Father to remit his arrears in monthly payments, rather than in a lump sum. Without any evidence to show that the payment schedule ordered by the trial court was an abuse of discretion, we find no merit to this claim.

Order affirmed.[4]

_____

[4] While Father states in his brief that Mother's second issue is moot because the court, subsequent to this appeal, entered an order directing payment of lump-sum arrearages, **see** Appellee's Brief, at 3, there is no such order in the record to support this claim. Therefore, we have addressed it on its merits.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/20/2015</u>