406 A.2d 805

COMMONWEALTH ex rel. Raymond T. HAERTSCH

v.

Bernadette T. HAERTSCH, Appellant.

Superior Court of Pennsylvania.

Argued March 21, 1979.

Decided June 22, 1979.

Emory W. Buck, Lansdale, for appellant.

John G. Younglove, Willow Grove, submitted a brief on behalf of appellee Raymond T. Haertsch.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

PER CURIAM:

The instant appeal is from the lower court's order increasing a previously entered support order of $40.00 per week to $55.00 per week payable by the natural mother of the three minor children involved. The original support order was modified by order of the lower court based solely on the petition of the natural father and the judge's brief discussion with appellant and counsel. No testimony under oath or exhibits were introduced to prove a change in circumstances existed upon which the modification order could be based.

The law is clear that a support order may only be modified when the evidence produced at a hearing shows a change in circumstances that would justify the modification. *Commonwealth ex rel. Eppolito v. Eppolito,* 245 Pa.Super. 93, 369 A.2d 309 (1976). The burden is on the party seeking modification to present such evidence on the change of circumstances. *Bell v. Bell,* 228 Pa.Super. 280, 323 A.2d 267 (1974). An appellate court will not overturn a support order entered by the lower court absent an abuse of discretion. *Commonwealth ex rel. Schmitz v. Schmitz,* 237 Pa.Super. 519, 352 A.2d 103 (1975). However, we find the lower court's order in this case, absent a full hearing on the merits, is contrary to the law and manifests an abuse of discretion by the lower court. *Commonwealth ex rel. Kaplan v. Kaplan,* 219 Pa.Super. 163, 280 A.2d 456 (1971).

The order of the lower court is vacated and the case is remanded for a full evidentiary hearing on the merits.