439 A.2d 185

COMMONWEALTH of Pennsylvania ex rel. Nancy Lee STONE, Appellant,

v.

James F. STONE.

Appeal of Nancy Lee STONE.

Superior Court of Pennsylvania.

Argued Sept. 22, 1981.

Filed Dec. 29, 1981.

Scott K. Oberholtzer, Middletown, for appellant.

Paul J. Esposito, Harrisburg, for appellee.

Before BROSKY, McEWEN and BECK, JJ.

BROSKY, Judge.

The instant appeal is from the lower court's order denying appellant-wife's petition for an increase in child support for her eleven year old son. The lower court held that there had been no material change in circumstances which would warrant an increase. Because we find that the court below abused its discretion, we reverse and remand for a full evidentiary hearing on the merits.

The facts are as follows. On November 3, 1980, appellant appeared with her counsel before the Honorable William W. Caldwell of the Court of Common Pleas of Dauphin County, Pennsylvania, pursuant to her petition for a modification of the support order presently in effect between the parties. The support order was based upon a detailed property settlement agreement between the parties entered into April 25, 1980.

At the hearing, appellant's attorney briefly outlined appellant's basis for the modification request. Counsel for appellee then made a few remarks in rebuttal. There was no testimony taken under oath at any time during the proceedings; neither attorney was sworn, and neither appellant nor appellee testified. There were no exhibits properly introduced or made a part of the record. Although appellee's counsel produced a copy of the property settlement agreement, the agreement was not authenticated by counsel, nor was it offered into evidence. On the basis of the attorneys'

presentation, the court made findings and entered an order pursuant to those findings.

In *Commonwealth ex rel. Haertsch v. Haertsch,* 267 Pa. Super. 283, 406 A.2d 805 (1979), we held that the lower court had abused its discretion in entering an order increasing a support order, based solely upon the court's brief discussion with appellant and counsel. In *Haertsch,* as in the case at bar, no testimony under oath was taken or any exhibits were introduced, to prove a change in circumstances.

As we stated in that case:

> The law is clear that a support order may only be modified when the evidence produced at a hearing shows a change in circumstances that would justify the modification. *Commonwealth ex rel. Eppolito v. Eppolito,* 245 Pa.Super. 93, 369 A.2d 309 (1976). The burden is on the party seeking modification to present such evidence on the change of circumstances. *Bell v. Bell,* 228 Pa.Super. 280, 323 A.2d 267 (1974). An appellate court will not overturn a support order entered by the lower court absent an abuse of discretion. *Commonwealth ex rel. Schmitz v. Schmitz,* 237 Pa.Super. 519, 352 A.2d 103 (1975). However, we find the lower court's order in this case, *absent a full hearing on the merits,* is contrary to the law and manifests an abuse of discretion by the lower court. *Commonwealth ex rel. Kaplan v. Kaplan,* 219 Pa.Super. 163, 280 A.2d 456 (1971).

Id., 267 Pa.Super. at 284, 406 A.2d at 806 (emphasis added).

■ It is well settled that our task on review in such cases is to determine whether there was sufficient evidence to sustain the lower court or whether that court was guilty of an abuse of discretion. *Commonwealth ex rel. Hartranft v. Hartranft,* 267 Pa.Super. 572, 407 A.2d 389 (1979).

In reviewing the lower court's action to determine whether an abuse of discretion has occurred, we recognize that " '[a]n abuse of discretion is not merely an error of judg-

ment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.'" *Com. ex rel. Levy v. Levy*, 240 Pa.Super. 168, 361 A.2d 781, 785 (1976).

Id., 267 Pa.Super. at 574, 407 A.2d at 391.

■ Here, we find that discretion was abused because no testimony was taken under oath and no evidence was properly introduced and made a part of the record. The well-settled principles governing requests for modification of child support orders are as follows: First, that "the party seeking to modify a support order bears the burden of *demonstrating* such a change of circumstances as will justify a modification," *Commonwealth ex rel. Caswell v. Caswell*, 280 Pa. Super. 359, 366, 421 A.2d 762, 766 (1980) (emphasis added), *Commonwealth ex rel. Haertsch v. Haertsch*, supra; second, that "only material and substantial changes in circumstances, *as proven by competent evidence*, will warrant modification of a support order," *Commonwealth ex rel. Caswell v. Caswell*, supra, 280 Pa.Super. at 366, 421 A.2d at 766 (emphasis added); *Commonwealth ex rel. Delbaugh v. Delbaugh*, 258 Pa.Super. 127, 392 A.2d 717 (1978); and third, that "a modification may only be based *upon facts appearing in the record* which show such permanent change in circumstances as to require such modification," *Commonwealth ex rel. Caswell v. Caswell*, 280 Pa.Super. 359, 366, 421 A.2d at 766 (emphasis added).

Since no evidence was placed on the record here, it is clear that the above principles were violated. Here, the attorneys were not under oath, and the litigants were not afforded the opportunity to present their version of the case, to add to or contradict the attorneys' presentation, or to be cross-examined.

Therefore, we must reverse the order and remand for a full evidentiary hearing on the merits.