445 A.2d 1220

**COMMONWEALTH ex rel. Annette A. ANTOUN**

**v.**

**Frederic G. ANTOUN, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1981.

Filed May 14, 1982.

460

Frederic G. Antoun, Harrisburg, appellant, in pro. per.

Arthur L. Goldberg, Harrisburg, for appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

BROSKY, Judge:

This is a support case. On August 13, 1979, Annette Antoun filed a complaint for support on behalf of the parties' two children, ages fourteen and ten. On January 4, 1980, a hearing was held before the Honorable William Lipsitt. No testimony was taken. On that same date, Judge Lipsitt entered an order directing appellant to pay the sum of $40 per week to Annette Antoun as support for the two minor children. In April, 1981, Annette Antoun notified the Domestic Relations Office for Dauphin County that appellant had failed to make several of the support payments. A contempt citation was issued, and a hearing was held June 11, 1981 before Judge Lipsitt. At that time, appellant was in arrears in the amount of $1,520. No testimony was taken at the hearing. After the hearing, Judge Lipsitt entered the following order:

## ORDER

AND NOW, June 11, 1981, after hearing in the above captioned matter the court directs the following:

1) Ten dollars per week for each child, to-wit, Jonathan M. and Lisa A. Antoun, shall be paid by Frederick G. Antoun and the checks mailed directly to the Holy Name of Jesus Church, Allentown Boulevard, Harrisburg.

2) Ten dollars per week for each of the said children shall be paid to Annette Antoun as of July 1, 1981.

The above amount payable to the Holy Name of Jesus Church shall be attributed to arrearages; when the arrearages have been paid the Court will consider a new support order.

It is from the above order that appellant has taken this appeal.

Appellant contends that the court below erred in entering the June 11, 1981 order, on the ground that it misapprehended Annette Antoun's financial circumstances while disregarding evidence of appellant's financial situation.

The court below stated in its opinion that the June 11, 1981 order was fashioned in an attempt to

[r]each a solution and avoid holding a member of the bar [appellant] in contempt... The wife-petitioner ... expressing a reluctance to have a jail sentence imposed for violation of the January 4, 1980 order suggested a modification which was formalized as the order of the court handed down on June 11, 1981.

The court further stated that

Mr. Antoun has argued that he is destitute, had an income tax loss in 1980 and his wife is more able to keep the children with her income than is he. Although he has an exaggerated notion of the wealth of Mrs. Antoun, even if his contentions have any validity, Mr. Antoun cannot escape his obligations as father .... [T]he amount of support required of Mr. Antoun ... could be easily met from his income.

We hold that the court below abused its discretion in not taking testimony at the June 11, 1981 hearing. Although both parties were present at the June 11, 1981 hearing, neither was represented by counsel, and no attempt was made to conduct a formal hearing. Appellant raised many matters which were not properly a part of the proceeding, and much of what was said amounted to slurs made by each party about the other.

No testimony was taken under oath. There were no exhibits properly introduced or made a part of the record. On the basis of the court's stated wish to resolve the matter and to avoid holding appellant in contempt, the court entered its order without the benefit of properly taken testimony or exhibits. Even though the June 11, 1981 hearing was technically a contempt proceeding, the court nonetheless should have taken testimony regarding appellant's income, expenses, and the amount of support he had paid, as well as his reasons for failing to comply with the January, 1980 order and for not petitioning for a modification of the order.

In *Commonwealth of Pennsylvania ex rel. Stone v. Stone*, 293 Pa.Super. 427, 439 A.2d 185 (1981), we reversed and remanded for a full evidentiary hearing on the merits in a situation in which a support order was entered pursuant to a hearing at which no testimony was taken under oath and no exhibits made a part of the record. See also *Commonwealth ex rel. Haertsch v. Haertsch*, 267 Pa.Super. 283, 406 A.2d 805 (1979).

Our review here is limited to a determination of whether there was sufficient evidence to sustain the court below or whether that court was guilty of an abuse of discretion. *Commonwealth ex rel. Hartranft v. Hartranft*, 267 Pa.Super. 572, 407 A.2d 389 (1979). Since no testimony was taken under oath and no evidence properly introduced and made a part of the record, we find that the court below abused its discretion. For these reasons, we must reverse and remand for a full evidentiary hearing on the merits.

Reversed and remanded for proceedings consistent with this opinion.