473 A.2d 183

**Nancy JASKIEWICZ, Appellant**

v.

**Robert L. JASKIEWICZ.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1984.

Filed March 16, 1984.

508

Henry O. Heiser, III, Gettysburg, for appellant.

Lovette M. Mott, Gettysburg, for appellee.

Before WICKERSHAM, DEL SOLE and MONTEMURO, JJ.

WICKERSHAM, Judge:

In this child support action, appellant is the mother and appellee is the father of a child, Jennifer, born January 1, 1973. The parties are no longer husband and wife. Appellee has since remarried and is the father of a second child born of his present marriage.

In an order entered on March 9, 1982, appellee was directed to pay support for Jennifer in the amount of $40.00 per week while employed and $26.00 per week while unemployed. At the time of the entry of the order, appellee had remarried and his second wife was pregnant. Upon petition of appellee, a modification hearing was held on February 8, 1983. Appellee's petition alleged that a reduction in the amount he was to pay for support of Jennifer was necessary because appellee had become the father of a second child on August 26, 1982. Although the evidence presented at the hearing indicated that there had been no material increase in appellee's expenses, the lower court found that the birth of the second child was a substantial and material change in circumstances requiring a reduction in the original support order. Thus, on February 8, 1983, the court amended its previous order and directed appellee to pay $26.50 per week for support of Jennifer. Appellant filed a timely appeal to the court's modification of the original support order.

Appellant poses two issues for our consideration:

A. Does the birth of a second child warrant a reduction in support when expenses increased thereby are offset by increased income?

B. Did the lower court commit error in basing the amount of the modified order on a chart guideline which ignores need or expenses and fixes support based solely on income and the number of dependents?

Brief for Appellant at 3.

Because we decide that we must vacate the order of the lower court on the basis that the modification of the original support order was unwarranted, we do not reach appellant's second issue.

■ In considering appellant's first issue, we first note that our scope of review in support proceedings is limited; absent a clear abuse of discretion, we will defer to the order of the lower court. *Commonwealth ex rel. Scanlon v. Scanlon,* 311 Pa.Super. 32, 38, 457 A.2d 98, 101 (1983).

■ A support order may be modified only when the evidence produced at a hearing establishes a substantial change in circumstances. *Commonwealth ex rel. Eppolito v. Eppolito,* 245 Pa.Super. 93, 369 A.2d 309 (1976).

The well-settled principles governing requests for modification of child support orders are as follows: First, that the party seeking to modify a support order bears the burden of demonstrating such a change of circumstances as will justify a modification, *Commonwealth ex rel. Caswell v. Caswell,* 280 Pa.Super. 359, 366, 421 A.2d 762, 766 (1980) . . ., *Commonwealth ex rel. Haertsch v. Haertsch,* [267 Pa.Super. 283, 406 A.2d 805 (1979)]; second, that only material and substantial changes in circumstances, as proven by competent evidence, will warrant modification of a support order, *Commonwealth ex rel. Caswell v. Caswell, supra,* [280 Pa.Super.] at 366, 421 A.2d at 766 . . .; *Commonwealth ex rel. Delbaugh v. Delbaugh,* 258 Pa.Super. 127, 392 A.2d 717 (1978); and third, that a modification may only be based upon facts appearing in the record which show such permanent

change in circumstances as to require such modification, *Commonwealth ex rel. Caswell v. Caswell,* 280 Pa.Super. 359, 366, 421 A.2d at 766.

*Commonwealth ex rel. Stone v. Stone,* 293 Pa.Super. 427, 430, 439 A.2d 185, 187 (1981) (quotations and italics omitted).

Instantly, the February 8, 1983 hearing established that appellee's expenses were about the same as they had been at the time of the support hearing on March 9, 1982. Lower ct. op., 3–8–83, at 2. Although the lower court does not compare the appellee's income at the time of each order, an examination of the record indicates that appellee's income actually increased between the entry of the March 9, 1982 support order and the modification hearing held on February 8, 1983. Thus, the only basis for the modification of the original support order was the birth of the second child. In fact, the lower court held that "[t]he birth of a second child is considered a substantial and material change in circumstances." Lower ct. op., 3–8–83, at 4.

■ We disagree. Since appellee's income had not decreased and his expenses had not increased, his ability to pay the original order had not changed. The birth of appellee's second child was not sufficient basis, in and of itself, for modification of the support order. Considering all the pertinent facts of record, we find that appellee failed to meet his burden of proof as to changed circumstances. Thus, the lower court abused its discretion in modifying the original support order.

Of course, if appellee can establish that the birth of his second child has substantially increased his expenses, or has otherwise resulted in a material change in circumstances, he is free to re-petition the lower court for a modification of the support order. Until that time when appellee proves a substantial change in circumstances, however, we cannot approve a modification of the original support order. Therefore, we vacate the lower court's order of February 8,

1983 and reinstate the original support order as entered on March 9, 1982.

Order vacated.