512 A.2d 707

Carl N. HESIDENZ, Appellant,

v.

Alice M. CARBIN.

Annette Lisa HESIDENZ

v.

Alice Marie CARBIN, Appellant.

Superior Court of Pennsylvania.

Argued March 20, 1986.

Filed July 15, 1986.

612

Bruno A. Muscatello, Butler, for appellant in No. 1249 and appellee in No. 79.

Armand R. Cingolani, Jr., Butler, for appellant in No. 79 and appellee in No. 1249.

Before BROSKY, MONTGOMERY and HESTER, JJ.

HESTER, Judge:

In this appeal, a father is seeking child support from his former wife, the mother of his two children.[1] The mother

---

1. We have consolidated Appeal No. 01249 Pittsburgh, 1982 with Appeal No. 00079 Pittsburgh, 1985 for purposes of judicial economy.

has remarried and has given birth to two children by her present husband. We are asked to review her support obligations to her older children in light of her responsibilities to her younger children and in light of her physical condition.

The procedural history of the two appeals before us is rather detailed and, of course, interwoven. However, the salient facts relevant to these appeals are as follows. The father, appellant at No. 01249 Pittsburgh, 1982, and the mother, appellant at No. 00079 Pittsburgh, 1985, were married and had two daughters, Annette, born August 30, 1964, and Diana, born September 21, 1969. The parties were divorced on February 26, 1971. After the divorce, the mother retained custody of the children until some time in 1981, at which time custody was transferred to the father. Thereafter, the father filed for support.

The original order of support, dated June 22, 1981, required the mother to pay $190.00 per month for both children. At that time, the mother was employed as a full-time registered nurse. However, following the birth of her first child to her present husband, she decreased her work load to a part-time basis. In view of her diminished wages, the mother petitioned the court for a reduction in the support order. On June 25, 1982, the original support order was reduced to $80.00 per month for both children. The father's exceptions to that order were dismissed and the appeal at No. 1249 Pittsburgh, 1982, followed.

On December 21, 1983, the mother gave birth to another child by her present husband. At that time, she was forty years old and began to experience chest pains and other problems associated with coronary artery disease. She had resigned her job in anticipation of the birth of her child and thereafter did not return to work.

Both appeals involve the same parties and challenge support orders entered by the court below for the parties' two children.

Six months later, Annette Lisa Hesidenz filed a petition for support for her college education against her mother.[2] On July 23, 1984, the mother was ordered to pay $25 per week for the support of Annette from September 1 to May 31 of each succeeding year.

Since she had no income, the mother filed an appeal and a demand for a hearing with the lower court. Following a hearing on December 13, 1984, the court found that the mother was unable to return to her duties as a nurse and the orders of support for $80.00 per month and for $25.00 per week for college support for Annette were to be "held in abeyance" until the mother was medically capable of returning to work.[3]

### Appeal No. 01249 PGH 82

In this appeal, father-appellant argues that the trial court erred in reducing wife-appellee's support obligation. First, he contends that the court erred in only considering appellee's part-time wages instead of her earning capacity. Second, appellant argues that support in the sum of $80.00 per month for both children is unreasonable in light of appellee's income of $670.00 per month.

In reviewing support orders, we are mindful of the narrow scope of our review.

[A]bsent a clear abuse of discretion, we will defer to the order of the lower court.... "A finding of abuse is not lightly made but only upon a showing of clear and convincing evidence...." "[I]f, in reaching a conclusion, the law is overridden or misapplied or the judgment exercised is manifestly unreasonable as shown by the evidence or the record, discretion is then abused and it is the duty of the appellate court to correct the error."

2. Annette also filed a support action against her father, but later withdrew that petition and proceeded solely against her mother.

3. The lower court had jurisdiction to suspend payment on the support order of June 25, 1982, because on August 2, 1984, the Superior Court granted the mother's petition for a partial remand in order to permit her to petition for relief from the existing support order. Said petition was thus considered by the trial court in its hearing of December 13, 1984.

*Butler v. Butler,* 339 Pa.Super. 312, 315, 488 A.2d 1141, 1142 (1985), quoting *Commonwealth ex rel. Scanlon v. Scanlon,* 311 Pa.Super. 32, 38–9, 457 A.2d 98, 101–02 (1983) (citations omitted.) (footnote deleted).

A parent's ability to pay child support must be determined as of the time at which the support payments are sought. *Butler v. Butler, supra.* In evaluating a parent's ability to pay support, various factors must be considered, including the parent's financial resources and earning capacity. *Commonwealth ex rel Cochran v. Cochran,* 339 Pa.Super. 602, 489 A.2d 804 (1985). Generally, a parent has an obligation of support measured not by actual earnings, but rather by earning capacity. *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974). However, an exception to that rule had been carved out by this court in *Commonwealth ex. rel. Wasiolek v. Wasiolek,* 251 Pa.Super. 108, 380 A.2d 400 (1977). Therein, we held that earning capacity cannot always be imputed to a parent who chooses to stay home with a minor child. In appropriate cases, such a nurturing parent may be excused from contributing support payments. A trial court, so holding, must consider the age and maturity of the child, the availability of others who might assist the parent, the adequacy of available financial resources if the parent remains at home, and finally, the parent's desire to stay home and nurture the minor child. *Id.,* 251 Pa.Superior Ct. at 113–14, 380 A.2d at 412.[4] This exception is known as the nurturing parent doctrine, and obviously was followed by the trial court, since reference was made to appellee's desire to remain at home with her six-month-old.

In reducing appellee's support obligations, the court noted that appellee had returned to work part-time because

4. Although in *Wasiolik,* the custodial parent desired to remain at home with the child for whom support was sought, we have held that the fact that the child to be nurtured is not the subject of the support order does not necessarily remove the case from the application of the 'nurturing parent' doctrine. *Klein v. Sarubin,* 324 Pa.Super. 363, 471 A.2d 881 (1984), *Bender v. Bender,* 297 Pa.Super. 461, 444 A.2d 124 (1982).

she was suffering from physical ailments primarily as a result of her pregnancy and also because she desired to care for her then six-month-old child. Appellant challenges the court's findings as lacking support in the record. Specifically, he asserts that no medical evidence was submitted to sustain the court's conclusion that appellee was physically incapable of returning to work full-time.

Appellant's first point has no merit. The court concluded that appellee was physically unable to work full time based upon her testimony that she suffered from hypertension, dizziness, and severe hemorrhoids. Appellee's physical problems were exacerbated by the birth of a child at age thirty-nine. Moreover, the court considered the fact that appellee was nursing her infant daughter and felt a need to care for her child as allowed by a part-time work schedule. We find sufficient evidence to uphold the court's conclusion that appellee was physically unable to work full-time.

■ Appellant next argues that the trial court failed to utter the phrase "nurturing parent doctrine" and that the record is devoid of evidence sufficient for us to sustain a finding pursuant to that doctrine. We must disagree. The trial court was not required to refer specifically to this doctrine in order to sanction appellee's desire to work part-time and still nurture her child. To impose such a requirement would evaluate form over substance; this we will not do. Additionally, we find the record to be replete with testimony to support the application of this doctrine.

■ Appellee was nursing her child three times a day; the baby was still an infant and would obviously benefit from significant contact with her mother; and finally, appellee was making sufficient income to provide the necessities for his daughters.[5] Thus, with the exception that the record was silent as to the availability of others who might assist appellee in caring for her child, we conclude that there was sufficient evidence for the trial court to deter-

5. Appellant testified at the hearing on October 5, 1985, that he earns $27,535 per year plus $2,761 in interest income, for a total of $30,296.

mine that appellee's support obligations should be based upon her actual income and not her earning capacity.

■■■ Finally, this court has always held that a parent who becomes ill or disabled cannot be expected to contribute according to his or her previous earning capacity. Rather, a parent's financial resources must be computed based upon the parent's actual earnings. *Butler v. Butler*, supra 339 Pa.Super. at 316 n. 2, 488 A.2d at 1142 n. 2. Appellee's testimony concerning her physical ailments, in conjunction with the recent birth of her child provided a sound basis for the reduction in her support obligation. We discern no element of bad faith in her desire to reduce her work load, *Commonwealth ex rel. Schofield v. Schofield*, 173 Pa.Super. 631, 98 A.2d 437 (1953); and we find no evidence that the judgment exercised by the trial court was manifestly unreasonable. We believe that the evidence proffered at trial established a substantial change in appellee's circumstances so as to warrant a modification of the earlier support order. *Chrzanowski v. Chrzanowski* 325 Pa.Super. 298, 472 A.2d 1128 (1984).

Appellant's second prong of attack centers on the amount which the trial court ordered appellee to pay, $80 per month for two children. He contends that such an order is simply insufficient in light of appellee's take-home pay of $670 per month.

■■■ In fashioning an award of support, the court must reach a result which is fair, non-confiscatory and attendant to the circumstances of the parties. *Straub v. Tyahla*, 274 Pa.Super. 411, 418 A.2d 472 (1980). Herein, appellant testified that his annual income exceeded $30,000. From his earnings, appellant has managed to save approximately $20,000 for his daughters' educations. In light of his financial resources, and in view of appellee's expenses, which total $600 per month, we find no abuse of discretion.

### Appeal No. 00079 Pgh. 1985

This appeal is from the order entered on December 13, 1984, in which the trial court upheld its July 23, 1984, order

requiring the mother to pay $25 per week for the support of Annette Hesidenz from September 1 to May 31 during her college years. At the same time, the court upheld the support order of June 25, 1982, but directed both orders to be "held in abeyance" until the mother was medically capable of returning to work. The mother, appellant herein, thereafter filed this appeal.

As stated previously, appellant gave birth to another child to her present husband on December 21, 1983. She resigned her part-time position in November, 1983, and thereafter remained at home with her two young children. At the same time, appellant began to experience symptoms of coronary artery disease.

In this appeal, appellant contends that the court erred in affirming the order of June 25, 1982, and July 23, 1984, and asserts that these orders should have been terminated until such time as she returns to work. Otherwise, the affirmance of these orders amounts to a predetermination of the amount of child support and college expense support which appellant must pay when she returns to work, regardless of the amount that she might be earning at that time. We agree and reverse the order insofar as it reaffirmed the orders in question.

### Order of June 25, 1982

At the hearing on December 13, 1984, appellant testified that she had given birth to her second child to her present husband on December 21, 1983, and presented evidence, through the deposition of Dr. Ernest Moore, that she was suffering from symptoms of coronary artery disease. The combination of these factors led to appellant's decision to terminate her part-time employment. Based upon these facts, appellant sought relief from the order of June 25, 1982, requiring her to pay $80 per month in support.

A support order may be modified upon a showing of substantial change of circumstances. *Jaskiewicz v. Jaskiewicz*, 325 Pa.Super. 507, 473 A.2d 183 (1984). When the financial circumstances of parties change, a support order

may be increased or decreased. *Commonwealth v. Vogelsong*, 311 Pa.Super. 507, 457 A.2d 1297 (1983); *Dunbar v. Dunbar*, 291 Pa.Super. 224, 435 A.2d 879 (1981).

 Herein, appellant produced sufficient evidence to demonstrate a substantial change of circumstances. Her deteriorating health and the birth of her daughter at the age of forty established adequate evidence of a material change in circumstances. Appellant's decision to leave her part-time employment was substantiated by her physician's recommendation.

Since she had had no income from November 23, 1983, the order of June 25, 1982 should have been terminated. The trial court's decision to hold this order in abeyance until such time as appellant becomes gainfully employed was a misapplication of the law and constituted an abuse of discretion. To allow that order to remain standing, then to be revived if and when appellant becomes employed, directly conflicts with that line of cases holding that a parent's ability to pay support must be determined at the time support payments are sought. *See Butler v. Butler, supra.* Accordingly, we vacate the order of June 25, 1982, as of August 15, 1984, when appellant petitioned for relief from that order. The order of December 13, 1984, is affirmed insofar as it directs appellant to report every six months to apprise the court of her medical condition and employment capabilities.

### Order of July 23, 1984

The order of July 23, 1984, imposed an obligation on appellant to contribute $25 per week to her daughter, Annette, during the academic year for her college education. This order was similarly held in abeyance. This order we simply vacate. At the time this order was entered, appellant had not worked for over nine months. As stated previously, appellant remained unemployed because of health considerations and to care for her young children by her present husband.

A parent's duty to provide support for a child's college education is enforceable only if the parent has sufficient estate, earning capacity or income to enable him or her to do so without undue hardship. *Commonwealth ex rel. Cochran v. Cochran, supra; Commonwealth ex rel Leider v. Leider*, 335 Pa.Super. 249, 484 A.2d 117 (1984).

As we have previously concluded, appellant's earning capacity is not the proper yardstick by which to measure her ability to contribute support. Clearly, considering appellant's unemployed status, it would impose a significant hardship on her to contribute support for her daughter's college education, particularly in light of appellee's savings earmarked for that purpose. Order reversed.

Order of December 13, 1984, affirming the order of June 25, 1982, reversed and said order of June 25, 1982, vacated as of August 15, 1984. Order of December 13, 1984, affirming order of July 23, 1984, reversed and said order of July 23, 1984, vacated. Order of December 13, 1984, affirmed insofar as it directs appellant to report to the Domestic Relations Office concerning her physical condition and employment capability.