639 A.2d 1249

**Joan MALENFANT**

v.

**Pierre MALENFANT, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 13, 1994.

Filed April 11, 1994.

140

Thomas Coval, Willow Grove, for appellant.

Marijo Murray Murphy, Warminster, for appellee.

Before CIRILLO, BECK and HOFFMAN, JJ.

HOFFMAN, Judge.

This appeal is from the June 22, 1993 order granting appellee, Joan Malenfant's, petition to increase support for her and her two children. Appellant, Pierre Malenfant, raises three issues for our review:

1. Is it an abuse of discretion to increase support based on a stated inability of the wife to work, when there is no competent medical evidence to support the wife's assertions of her disability?

2. Is it an abuse of discretion to order a parent to support an adult through high school, where the "child" is eighteen years old, and is only entering the 10th grade as a result of his expulsion from school due to drug abuse?

3. Is it an abuse of discretion to fail to take into account the ability of other adults living in the household to contribute to the household expenses, when the effect of this

requires the father to support adult children not entitled to support?

Appellant's Brief at 5.   For the reasons that follow, we affirm.

On August 23, 1961, the parties were married.   Five children were born of the marriage.   On May 11, 1990, appellee filed a complaint in divorce and on June 28, 1990, she filed a petition for support.[1]   On December 14, 1990, appellant was ordered to pay $235.00 per week as support for appellee and their two minor children.   That order was based on appellee having an earning capacity of $100 per week.

On March 12, 1992, the parties entered into an agreement which adopted the recommendations of the master in divorce. The findings of the master stated that appellee suffers from a variety of health problems such as colitis, urinary tract infections and asthma.   At the hearing, the master concluded that appellee had an earning capacity of $100.00 per week.

On February 8, 1993, appellee filed a petition to modify support, which alleged that she had recently undergone surgery to remove a kidney and that her health had deteriorated to the point where she was unable to work.   On February 24, 1993, appellant responded with his own petition to modify support, claiming that Jeremy, one of the couple's two minor children, had reached the age of majority and should be removed from the outstanding order.

At the support hearing both sides presented testimony. Following the hearing, the Court granted appellee's petition, denied appellant's petition and increased appellant's support obligation to $307.00 per week.   This timely appeal followed.

■   Appellant first argues that appellee has failed to demonstrate a change in circumstances sufficient to justify an increase in support.   We disagree.

■   Preliminarily, we note that an award of child support is largely within the discretion of the trial court.   *Brower v. Brower*, 413 Pa.Super. 48, 53, 604 A.2d 726, 729 (1992).   A trial

1.   At the time of the divorce only two of the parties' five children were minors.

court's decision concerning support will not be reversed absent an abuse of discretion. *O'Connell v. O'Connell,* 409 Pa.Super. 25, 29, 597 A.2d 643, 645 (1991).

It is well-settled that a court may modify a support order if the financial positions of the parties change or where other proper reasons are established. *Commonwealth ex rel Caswell v. Caswell,* 280 Pa.Super. 359, 365, 421 A.2d 762, 766 (1980). A change in earning capacity is a basis for a change in an order for child support. *Hesidenz v. Carbin,* 354 Pa.Super. 610, 619–620, 512 A.2d 707, 712 (1986). The earning capacity of a party, is not the amount the party could potentially earn, but rather "the amount [the party] could realistically earn under the circumstances considering health, age, mental and physical condition, training and the amount of time the party has been unemployed." *Adams v. Adams,* 387 Pa.Super. 1, 8, 563 A.2d 913, 916 (1989).

In the present case it is clear from the evidence that appellee experienced a change in circumstance warranting an increase in support. Initially, the court found that appellee had an earning capacity of $100.00 per week and made its support calculation accordingly. However, in December of 1992, appellee had surgery to remove her kidney. The record indicates that following her operation, appellee suffered from severe health problems rendering her virtually unable to work.[2] Thus, we find that the court properly reevaluated her earning capacity to be zero and increased appellant's support payment accordingly. *See, e.g., Commonwealth v. Vogelsong,* 311 Pa.Super. 507, 512–13, 457 A.2d 1297, 1299–1300 (1983) (court's refusal to modify support order where father had become disabled with arteriosclerosis coronary disease and diabetes mellitus was inappropriate).

While appellant argues that appellee failed to put forth medical testimony to support her claims, such medical testimo-

---

**2.** Appellee testified that she experiences burning and cold sensations; that she has difficulty dressing, turning, reaching and lifting; that she cannot walk significant distances without feeling as if she is going to fall; that her diet is restricted; and that she has difficulty speaking because her mouth goes dry. N.T., 6/22/93 at 14–18.

ny is not required. *See Hesidenz* at 618, 512 A.2d at 711 (wife's testimony concerning her physical condition was sufficient to support trial court's finding that she was physically incapable of working full time). Accordingly, we find appellant's first contention to be without merit.

■ Next, appellant argues that he no longer has an obligation to support his son, Jeremy, as Jeremy has reached eighteen years of age. Again, we disagree.

Our Supreme Court has recently held that a parent owes a duty of support to a child until the child reaches the age of 18 or graduates from high school, whichever event occurs later. *Blue v. Blue*, 532 Pa. 521, 616 A.2d 628 (1992).[3]

In the instant case, while Jeremy has reached the age of eighteen, he still remains in high school. Although Jeremy was expelled from the ninth grade in November, 1992, the record shows that he is currently involved in an "homebound" academic program where he takes courses in history, science, english and mathematics. Moreover, he is now officially in the tenth grade and testified that he plans on taking full time courses with the goal of achieving a high school diploma. N.T., 6/22/93 at 53–54.

Thus, as Jeremy is currently in high school and clearly intends to graduate from high school, we find that it is appellant's duty to continue to support his child. Therefore, we find appellant's second contention to be without merit.

■ Finally, appellant argues that the court erred in failing to take into account the ability of his other children, ages 22, 25, and 30, living in the household to contribute to household expenses. Again, we disagree.

■ In the absence of contract or statute, an adult child has no duty or obligation to contribute to the support of his/her parents. *Albert Einstein Medical Center v. Forman*, 212

3. As the trial court correctly noted in its opinion, despite 23 Pa.C.S. § 4327, the portion of the *Blue* holding concerning support for students enrolled in high school remains controlling as § 4327 is limited to support for students enrolled in post-secondary education.

Pa.Super. 450, 454, 243 A.2d 181, 183 (1968). In the present case the children do make contributions to the household. However, these contributions are not obligatory nor do they relieve appellant of his duty to provide support. Thus, we find appellant's final contention to be without merit.

Accordingly, the order of the trial court is affirmed.

Affirmed.