**Mellott v. Sheffield**

*Travis L. Kendall,* for plaintiff.
*Dwight C. Harvey,* for defendant.

WALKER, *P.J.,* November 17, 1994—

## FINDINGS OF FACT

Defendant Christopher E. Sheffield and plaintiff Joan D. Mellott are the parents of one child, Cassandra Sheffield, born July 27, 1988. The parties share custody of this child with defendant having one week with the child and then plaintiff having two weeks with the child. The only provision concerning holidays is that the parent exercising custody during Christmas must provide a period of custody with the other parent from noon to 8 p.m. on Christmas Day.

Defendant had been employed with the Washington D.C. Transit Authority for a period of five years and completed his college education during that time receiving a bachelor of science degree in technology management in 1993. Defendant had a 1993 income from his job at the Transit Authority of $40,799.

Defendant in July or August of 1993 examined the possibility of acquiring employment locally by "asking around." Through defendant's informal inquiries, he learned that he could expect to obtain a starting salary of approximately $10 an hour at either JLG Industries or T.B.Woods. Defendant made no formal inquiries as to any jobs nor did he file any job applications.

In November 1993, defendant learned that his job at the Transit Authority was going to be eliminated some time in 1994. Upon learning of the Transit Authority's intentions, defendant applied and was accepted to law school which would begin some time in August of 1994. In April of 1994 and upon defendant's acceptance into law school, he resigned from his job with the Transit Authority. Defendant's reasons for voluntarily resigning from his job prior to its termination was so that he could spend additional time with his daughter before beginning his legal studies. Defendant did not seek employment during the period of time from his resignation from the Transit Authority and the commencement of his legal studies.

Defendant has remarried and has a newly constructed home in Fulton County, Pennsylvania. Defendant owns three rental properties one of which is located in Maryland and the remaining two being located in Pennsylvania. Most recently, defendant has acquired a lease on a new four-door four wheel drive Chevrolet Blazer.

Plaintiff Joan Mellott has also remarried and is now a mother of a 17-month-old son from her current marriage; plaintiff is the primary caretaker of this child. Although plaintiff has an associate degree in accounting and business which she received in 1991, she has never utilized this degree or worked outside the home in any capacity.

Defendant has requested a modification of a previous support order issued by this court on May 4, 1993. Defendant claims that he is entitled to a reduction in a child support payment due to the significant amount of time in which he exercises custody of Cassandra and also because he is attending law school on a full-time basis. Defendant also argues that plaintiff should be

assigned an earning capacity because she holds an associate degree in accounting and business.

## DISCUSSION

Child support is a shared responsibility in which both parents are obligated to provide support for their child as is reasonable considering their relative incomes and ability to pay. *Depp v. Holland*, 431 Pa. Super. 209, 636 A.2d 204 (1994) (citing *DeWalt v. DeWalt*, 365 Pa. Super. 280, 529 A.2d 508 (1987)). It is important to note that this court is not concerned with what the parents feel they can comfortably provide, but with the child's best interests.

The party seeking modification has the burden of proving that material and substantial changes have occurred which justify a modification of a previous order of support. *Dunbar v. Dunbar*, 291 Pa. Super. 224, 435 A.2d 879 (1981). Defendant maintains that because he is no longer employed and is entering law school on a full-time basis and because plaintiff has an associate degree in accounting, he is entitled to a reduction in his support obligation. Although changes have occurred since the establishment of the support order now in effect, this court must decide whether these changes warrant a modification of that support order.

### Loss of Employment

Defendant claims that his loss of employment justifies at least a reduction in his support obligation. Petitioner must first establish that his leave of employment which resulted in a reduction of income was not made for the purpose of avoiding a child support obligation and secondly that a reduction in support is warranted based on petitioner's efforts to mitigate any income loss.

*Grimes v. Grimes*, 408 Pa. Super. 158, 596 A.2d 240 (1991). This court does not view defendant's actions as purposefully seeking to reduce his income in order to decrease his support obligations. However, this court does not see any evidence indicating that defendant has taken any positive action towards mitigating his loss in income. Defendant left his job voluntarily in April of 1994 after learning that his job would be terminated by June 10, 1994 due to downsizing. Defendant's job was not eliminated however until September of 1994. Defendant did not choose to remain with his job until termination nor did he seek employment to mitigate his loss in income. Instead, defendant chose to leave his job prematurely in order to have some time off before entering law school in August.

### Furthering Education

Defendant next claims that he is entitled to a reduction because he will be a full-time student. "The law has never permitted a parent to withdraw from support or maintaining children to pursue private education goals. The needs of the children have always been paramount." *Depp v. Holland, supra* at 218, 636 A.2d at 208 (Tamalia, J., concurring). Defendant points out that his pursuit of a legal career will only lead to a temporary reduction in his support obligations and will eventually give him and his child a better future. Defendant cites *Perlberger v. Perlberger*, 426 Pa. Super. 245, 626 A.2d 1186 (1993) as supporting his contention that the court should temporarily reduce his obligation of support and promote his choice to go to law school. Like Mr. Perlberger's reasons for pursuing an independent legal career, defendant contends that he is pursuing a legal education to better his and his child's future. However, Mr. Perlberger continued to work after leaving the law firm and

started his own practice. Although Mr. Perlberger voluntarily reduced his income he did not do so in bad faith or for selfish reasons and unlike the defendant Mr. Perlberger did not altogether quit working.

## Amount of Time Spent with the Child

Defendant next contends that because Cassandra spends a significant amount of time with him he should be entitled to a reduction in support. "The support guidelines contemplate that the non-custodial parent has regular contact, including vacation time, with his or her children, and that he or she makes direct expenditures on behalf of the children. Thus, a non-custodial parent's support obligation should be reduced only if that parent spends an unusual amount of time with the children." Pa.R.C.P. 1910.16-5(m). Cassandra is with defendant about 30 percent of the time; the other 70 percent is spent with her mother. This court feels that 30 percent, although significant, is not an unusual amount of time to spend with one's daughter which would entitle the defendant to a reduction.

## Earning Capacity of the Other Parent

Defendant claims that the plaintiff is able to work and as such should be given an earning capacity thereby reducing his support obligation. "Age, education, training, health, work experience, earnings history, and child care responsibilities are factors which shall be considered in determining earning capacity." Rule 1910.16-5(c)(5) Pa.R.C.P. "In appropriate cases, the earning capacity of a parent who chooses to stay home with young children need not be considered." *Atkinson v. Atkinson*, 420 Pa. Super. 146, 616 A.2d 22 (1992) (citing *Hesidenz v. Carbin*, 354 Pa. Super. 610, 512 A.2d 707 (1986); *Butler v. Butler*, 339 Pa. Super. 312, 488 A.2d

1141 (1985)). Although the mother in this case has post secondary education in the area of accounting, there is no evidence of her earning capacity based on a previous work record. Defendant points out that plaintiff attended school while her first child was approximately the same age as her second child is now; thereby indicating that plaintiff saw no need to "nurture" her first child at that age. However defendant also points out that when plaintiff completed her studies and attempted to find work she was unable to find work for lack of experience. Consequently, plaintiff remained home with Cassandra on a full-time basis upon completion of her studies.

### Nurturing Parent Doctrine

Lastly, defendant argues that the "nurturing parent doctrine" should not apply to plaintiff. Defendant also argues that if this court determines that the doctrine does apply to plaintiff it should also apply to him. Several factors which should be considered when applying the "nurturing parent doctrine" include: "the age and maturity of the child, the availability of others who might assist the child, the availability of others who might assist the parent, the adequacy of financial resources at home, and finally, the parent's desire to stay home and nurture the child." *Kelly v. Kelly*, 430 Pa. Super. 31, 34, 633 A.2d 218, 219 (1993) (quoting *Hesidenz supra* at 616, 512 A.2d at 710). However, these factors do not control the decision which is to be made. Although they may aid in the decision-making process, they are not determinative factors. It is still the court's obligation to look at the best interests of the children. Although there is evidence that plaintiff could acquire day-care for her youngest child and that plaintiff's parents could possibly watch the child oc-

casionally, these factors do not necessarily defeat plaintiff's claim as a "nurturing parent." Plaintiff's child to her second marriage is only 17-months-old and as such requires much care whether healthy or not. It seems reasonable to this court for plaintiff to wish to remain home to care for her young child. Had plaintiff's second child been unhealthy, this factor would surely have added to a need to be home to care for the child; but this does not support the blanket assertion that a healthy child does not need the care and nurturing a mother at home can provide.

As for defendant's claim as a "nurturing parent," this court fails to see how he can find time to "nurture" his child while he is pursuing his arduous legal studies if he cannot find the time to work even part-time during that period. Secondly, Cassandra, age 6, is at an age where she is becoming more and more independent and does not require as much care as a 17-month-old child. Although she too requires "nurturing" she does not require the constant care that a 17-month-old requires.

## CONCLUSION

Defendant could have worked with the Washington D.C. Transit Authority at least until the time he entered law school in August. For that reason, this court is assigning defendant his regular earning capacity at the Transit Authority from the date of his voluntary resignation in April to the commencement of his legal studies in August. Although it is a noble cause to pursue an endeavor in the hopes that one's future will be financially more stable for the benefit of oneself and his family, one cannot allow his child to suffer financially, even if only temporarily. It is disturbing to this court that it appears that defendant is willing to continue

the standard of living he became accustomed to when working while arguing that he is entitled to a reduction in child support payments because he is no longer working and is a full-time student. It is important for defendant to realize that he may not reach the level of income he enjoyed when working for the Transit Authority even five years after completing law school and passing the bar exam; by that time, the child will be approaching the age of emancipation. Because defendant has not seriously searched for employment, he has failed to provide this court with a legitimate earning capacity. Therefore, defendant will be assigned an earning capacity even as a full-time student albeit a reduced earning capacity. Lastly, plaintiff will not be assigned an earning capacity at this time owing to the tender years of her youngest child and the fact that there is no record of earning capacity based on past work experience.

## ORDER

November 17, 1994, defendant is assigned a full earning capacity from the time he resigned in April till the time he entered law school in August of 1994. Thereafter, defendant is assigned an earning capacity of 70 percent of that full earning capacity.