J-S08013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.P. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | v. | |
| T.M. | | |
| | Appellant | No. 1037 WDA 2015 |

Appeal from the Order dated June 11, 2015
In the Court of Common Pleas of Lawrence County
Domestic Relations at No: Case No. 420 of 2006, D.R. PACSES No.
607108347

BEFORE:  STABILE, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 8, 2016**

In this child support matter, Appellant T.M. ("Father") appeals from the June 11, 2015 order of the Court of Common Pleas of Lawrence County ("trial court"), which, *inter alia*, assessed M.P. ("Mother") with a $581.66 net monthly income, Father with a $2,363.50 net monthly income, and established Father's monthly support obligations for their minor daughter ("Child") (born in October 2002), as $782.70, including $227.37 in private school tuition, plus arrears.[1]  Upon review, we remand this matter to the trial court for re-calculation of Mother's net monthly income and preparation of a supplemental Rule 1925(a) opinion.

_____

[1] Because this case affects a minor child, we have abbreviated the parties' names.

The facts and procedural history underlying this case are undisputed. On February 4, 2015, Mother filed a "Petition for Modification of an Existing Support Order" for Child, claiming only a change in her income. Mother sought to modify the trial court's January 15, 2013 order that assessed her with a net monthly earning capacity of $2,017.68, Father with a net monthly income of $2,433.93, and set Father's child support obligations at $630.59, which included a monthly payment of $137.20 for private school tuition.

On May 5, 2015, the trial court held a *de novo* hearing on Mother's modification petition, at which Mother argued that her actual earnings did not match the earning capacity assessed to her by the trial court in the January 15, 2013 order. Mother argued that she earned less because she worked fewer than 40 hours per week. Mother testified that she worked as a therapeutic staff specialist for Comprehensive Children and Family Services, providing one-on-one care to children for purposes of integrating them into various settings, including their school and their communities. N.T. Hearing, 5/5/15, at 7-8. Mother testified that she earned $12 per hour and worked about 26.25 hours per week with three clients. *Id.* at 9, 15. She also testified that she picked up more hours when she filled in for other specialists. *Id.* at 10. Mother was paid bi-weekly. *Id.* at 43. Mother claimed that it was difficult for her to get more hours because of scheduling issues. *Id.* at 9-10. Mother testified that her income would be reduced in the summer when school was not in session. *Id.* at 12. Mother further testified that she had signed a non-compete agreement, which barred her

from seeking other employment in the mental health field. *Id.* at 20. Additionally, Mother sought an increase in Father's contribution towards Child's schooling, because tuition for the private school had increased. Mother testified that tuition for the private school was $4,400.00 per year. *Id.* at 22.

On cross-examination, Mother acknowledged that she was not seeking other employment to supplement her income. *Id.* at 31. Mother also acknowledged that she had no physical incapacities that would limit her employment options. *Id.* at 40. Finally, Mother acknowledged that the tuition for a second child at the private school was reduced by $650.00 and was thus $3,750.00 per year. *Id.* at 37. Following the hearing, the trial court assessed Mother with a $581.66 net monthly income, Father with a $2,363.50 net monthly income, established Father's monthly support obligations for Child as $782.70, including $227.37 in private school tuition, plus arrears, and set Father's and Mother's liability for unreimbursed medical expenses for Child at 80.25% and 19.75%, respectively. Father timely appealed to this Court.

Upon the trial court's direction, Father filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, raising four assertions of error. First, Father argued that the trial court's finding that Mother's net monthly income was $581.66 was unsupported by the record. Second, Father argued that the trial court abused its discretion in determining that Mother established a substantial change in circumstances warranting a modification

of her support obligations. In this regard, Father claimed that the trial court failed to render any findings necessary to justify a deviation from Mother's assessed earning capacity of $2,017.68. Third, Father argued that the trial court abused its discretion in calculating his tuition payment for Child's private school, because the court did not take into account the amount of the discount offered to a second child. Fourth, Father argued that the trial court erred in calculating the percentage of each parent's liability for Child's unreimbursed medical expenses. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, addressing only Father's first assertion of error. The trial court agreed with Father that sufficient evidence of record did not support its finding on Mother's net monthly income. *See* Trial Court Opinion, 7/31/15, at 2-3. Accordingly, the trial court asked this Court to remand the matter for re-calculation of Mother's net monthly income.

On appeal, Father repeats these four issues for our review.[2]

The standard of review of a trial court's decision in a support case is well-settled:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order.

---

[2] To the extent Father argues that the trial court erred in failing to order interim relief to Father, we decline to address this argument because it was not raised before the trial court or in Father's Rule 1925(b) statement. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Kimock v. Jones*, 47 A.3d 850, 853-54 (Pa. Super. 2012) (citations omitted).

Father first contends that the trial court's finding regarding Mother's net monthly income was not supported by the record. The trial court and Mother agree, and we discern no basis upon which to disagree. As the trial court noted, Mother testified that she worked a total of 26.5—not 20—hours per week. *See* Trial Court Opinion, 7/31/15, at 3. Accordingly, we remand this case to the trial court for re-calculation of Mother's monthly income.

We next address Father's contention that the trial court abused its discretion in modifying Mother's support obligations because Mother failed to establish a change in circumstances sufficient to justify a deviation from her assessed earning capacity of $2017.68.

It is settled that:

[a]n award of support, once in effect, may be modified *via* petition at any time, provided that the petitioning party demonstrates a material and substantial change in their circumstances warranting a modification. *See* 23 Pa.C.S. § 4352(a); *see also* Pa.R.C.P. No. 1910.19. The burden of demonstrating a "material and substantial change" rests with the moving party, and the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion.

*Summers v. Summers*, 35 A.3d 786, 789 (Pa. Super. 2012) (citations omitted). A change in circumstances is considered substantial so as to

warrant a modification when the change is "either irreversible or indefinite." ***R.C. v. J.S.***, 957 A.2d 759, 763 (Pa. Super. 2008). "Both parents have an equal obligation to support their children in accordance with the capacity and ability of each to do so." ***Sutliff v. Sutliff***, 489 A.2d 764, 771 (1985) (citations omitted).

> [A] person's support obligation is determined primarily by the parties' actual financial resources and their earning capacity. Although a person's actual earnings usually reflect his earning capacity, where there is a divergence, **the obligation is determined more by earning capacity than actual earnings. Earning capacity is defined as the amount that a person realistically could earn under the circumstances, considering his age, health, mental and physical condition, training, and earnings history**.

***Baehr v. Baehr***, 889 A.2d 1240, 1244–45 (Pa. Super. 2005 (citation omitted) (emphasis added). ***See also*** Pa.R.C.P. No. 1910.16–2(d)(4) (setting forth factors for consideration so that the trier of fact may impute an income equal to the party's earning capacity if it determines that the party has willfully failed to obtain or maintain appropriate employment). "Where a party assumes a lower paying job or willfully fails to obtain appropriate employment, the support obligation is determined by his [or her] assessed earning capacity." ***Baehr***, 889 A.2d at 1245 (citation omitted). A parent who becomes ill or disabled, however, cannot be expected to contribute according to his or her assessed earning capacity. ***Hesidenz v. Carbin***, 3618, 512 A.2d 707, 711 (Pa. Super. 1986) (citation omitted). As a result, his or her financial obligation must be based on his or her actual earnings. ***Id.*** "When the trial court sits as fact finder, the weight to be assigned the

testimony of the witnesses is within its exclusive province, as are credibility determinations, and the court is free to choose to believe all, part, or none of the evidence presented." ***Mackay v. Mackay***, 984 A.2d 529, 533 (Pa. Super. 2009).

Instantly, our review of the record reveals that the trial court failed to address Father's second issue in its Rule 1925(a) opinion or otherwise render any findings to support a substantial change in Mother's employment circumstances necessary to deviate from Mother's assessed net monthly earning capacity of $2,017.68 in favor of her actual earnings. ***See*** Pa.R.C.P. No. 1910.16-2(d)(4) (noting that the trial court must state in writing its reasons for assessing a earning capacity). Given the lack of factual findings, we are unable to engage in a meaningful review of Father's second issue.

Similarly, we are unable to review Father's third and fourth assertions of error. In his third assertion of error, Father challenges the distribution of the amount of the discount in tuition, if any, received for a second child and whether Mother received any other financial assistance for the private school. In his final assertion of error, Father contends that the trial court erred in calculating the percentage of each parent's liability for Child's unreimbursed medical expenses. Because the trial court did not address these issues in its Rule 1925(a) opinion, we are unable to review them meaningfully on appeal.

In sum, because the trial court acknowledged error in calculating Mother's net monthly income and failed to address Father's remaining issues

in its Rule 1925(a) opinion, we remand this case to the trial court with instruction to re-calculate Mother's net monthly income and to prepare and file a supplemental Rule 1925(a) opinion within 60 days of the date of this memorandum. The supplemental Rule 1925(a) opinion also shall address in detail Father's assertions of error consistent with Rule 1910.16-2(d) and contain necessary factual findings and credibility determinations. Upon the filing of the supplemental Rule 1925(a) opinion, the record is to be returned to this Court within 30 days.

Case remanded. Panel jurisdiction retained.